# EXHIBIT 1

**NORTH CAROLINA**
**IN THE GENERAL COURT OF JUSTICE**
**SUPERIOR COURT DIVISION**



ORANGE COUNTY COURTHOUSE
114 EAST MARGARET LANE
HILLSBOROUGH, NORTH CAROLINA 27278

2018 APR 26  P 12: 13

MARK ⎯, C.S.C.

BY⎯⎯⎯

*CIVIL DIVISION*

|  |  |
|---|---|
| **Craven Randall Casper,** *Pro Se*<br>P.O. Box 2311<br>Chapel Hill, NC 27515 | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No._____ |
| **SINCLAIR BROADCAST GROUP, INC.**<br>10706 Beaver Dam Road<br>Hunt Valley, Maryland 21030 | ) ) ) ) |
| AND | ) **JURY TRIAL DEMANDED** |
| **ABC WCTI 12**<br>NewsChannel 12<br>WCTI-WFXI-WYDO<br>225 Glenburnie Drive<br>New Bern, NC 28560 | ) ) ) ) ) |
| AND | ) ) |
| **MR. RICHARD REINGOLD**<br>Vice President & General Manager<br>ABC WCTI 12<br>225 Glenburnie Drive<br>New Bern, NC 28560 | ) ) ) ) ) |
| AND | ) ) |

**[remainder of page intentionally left blank]**

**MR. ERIC OLSEN** )
News Director )
ABC WCTI 12 )
225 Glenburnie Drive )
New Bern, NC 28560 )
)
  AND )
)
**MS. JAIME MCCUTCHEON** )
Assistant News Director )
ABC WCTI 12 )
225 Glenburnie Drive )
New Bern, NC 28560 )
)
  AND )
)
**MR. JASON O. BOYD** )
Website Manager )
ABC WCTI 12 )
225 Glenburnie Drive )
New Bern, NC 28560 )
)
  AND )
)
**MR. KYLE HORAN** )
474 James Robertson Parkway )
Nashville, TN 37219 )

           Defendants.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

---

*CRAVEN RANDALL CASPER v. SINCLAIR BROADCAST GROUP, INC., et al.*         | Page 2 of 171

NORTH CAROLINA

ORANGE COUNTY

IN THE GENERAL COURT OF JUSTICE

SUPERIOR COURT DIVISION
File Number: _____

CRAVEN RANDALL CASPER,
             Plaintiff,

    vs.

SINCLAIR BROADCAST GROUP, INC., et al.
             Defendants.

)
)
)
)
)
)
)
)

ORIGINAL COMPLAINT


JURY TRIAL DEMANDED

TO THE ABOVE DEFENDANTS:

    **YOU ARE HEREBY SUMMONED** to ANSWER the *ORIGINAL COMPLAINT* in this

action and to serve a copy of the ANSWER, via United States Mail or if the Complaint is not served

with the Summons, to Serve a Notice of Appearance, on the Plaintiff, Mr. Craven Randall Casper,

within thirty (30) days after the Service of this Summons, exclusive of the day of service; and in case

of your failure to appear or ANSWER, Judgment will be taken against you by default for the relief

demanded in the Complaint.

—

This 26ᵗʰ day of April, 2018.

    Respectfully submitted,

                                        Craven Randall Casper, Signature (*Pro Se*)

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*;
APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE
DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF
SERVICE; AND EXHIBITS A – K.**

*CRAVEN RANDALL CASPER v. SINCLAIR BROADCAST GROUP, INC., et al.*         | Page 3 of 171

NORTH CAROLINA

ORANGE COUNTY

IN THE GENERAL COURT OF JUSTICE

SUPERIOR COURT DIVISION
File Number: _____

CRAVEN RANDALL CASPER,       )
        Plaintiff,            )
                          )
      vs.                    )
                          )
SINCLAIR BROADCAST GROUP, INC., et al.   )
        Defendants.        )

ORIGINAL COMPLAINT

JURY TRIAL DEMANDED

TO THE HONORABLE Presiding Judge of the General Court of Justice, Superior Court Division, County of Orange, District 15B, in the State of North Carolina, the Plaintiff, Mr. Craven Randall Casper, shows unto the Court the following:

## I.    ORIGINAL COMPLAINT AND JURY DEMANDS.

1.   This is an action by the Plaintiff, Mr. Craven Randall Casper, a private, American citizen, against the Defendants, seeking redress for the personal harm to him, to his personal brand, for the commercial harm done to him, his commercial brand, and his business opportunities as the result of several false, salacious and highly offensive statements about him published by the Defendants, Sinclair Broadcast Group, Inc., et al. The Defendants' published these statements for the purpose of gaining a tremendous economic benefit

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

through the resulting increase in web traffic to its video(s) and article(s) and accompanying television, online advertisements, and other corresponding advertising revenue to Sinclair Broadcast Group, Inc., and to other Defendants in the form of salaries, compensation, bonuses and/or any and all employment benefits.

2. The Plaintiff, Mr. Craven Randall Casper, made multiple and reasonable attempts to resolve this directly with the Defendant(s) and other legal remedies were inadequate or ineffective. Today, the Plaintiff, Mr. Craven Randall Casper, will take all necessary steps allowed by law. It is competent for either party to proceed at once to have the matter determined in the appropriate trial division of the General Court of Justice in North Carolina, which is ORANGE COUNTY, NORTH CAROLINA. (1876-7, c. 283, s. 3; Code, s. 1756; Rev., s. 1995; C.S., s. 2357; 1971, c. 533, s. 1.).

3. The following relevant facts, all will be supported by the evidence presented in this *Original Complaint,* in Discovery, and at a Trial by Jury in the State of North Carolina. It is highly likely that the Plaintiff, Mr. Craven Randall Casper, must file an *Amended Complaint*, to include additional Defendant(s) and/or COUNTS, possibly including, but not limited to: negligence; negligence *per se*; false light invasion of privacy[1]; publication

---

[1] **Elements of a Claim**: To state a cause of action for false light invasion of privacy, a the Plaintiff, Mr. Craven Randall Casper, must allege: (1) Public disclosure; (2) That puts the Plaintiff, Mr. Craven Randall Casper, in a false light; (3) the Plaintiff, Mr. Craven Randall Casper, must show with convincing clarity that he or she was person about whom the publication was made; (4) The false light would be "highly offensive to a reasonable person"; and (5) The actor [Defendant(s)] knew of or recklessly disregarded the falsity of the publication and the false light in which the

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

of private facts and tortious interference; civil conspiracy; Unfair Competition; and/or disparagement.

4.  The Plaintiff, Mr. Craven Randall Casper, prays to the Court to begin an active legal investigation into the Defendants to pursue criminal prosecution, by Orange County Assistant District Attorney, Mr. Byron Beasley, Esq., to prosecute the criminal portion of this case in the 15 B Prosecutorial District to the fullest extent of the law, against the Defendant(s), inclusive of Mr. Kyle Horan. The Plaintiff, Mr. Craven Randall Casper, will fully cooperate with any law enforcement authorities or Court Order requesting information in the prosecution of the Defendant(s).[2] The Plaintiff, Mr. Craven Randall Casper, prays that this *Original Complaint*, and any and all criminal litigation or referral(s) for criminal prosecution against the Defendant(s) in the State of North Carolina be all under special election to run *Pari-Passu* against the Defendants. *See Paragraph 232.*

5.  The Plaintiff, Mr. Craven Randall Casper, files this *Original Complaint* and Jury Demand in the State of North Carolina, and alleges as follows, upon actual and/or constructive knowledge with respect to themselves or their own act, and upon information and belief

---

other would be placed: (a) For issues of public concern – a public figure Plaintiff cannot recover without proof of actual malice, which does not apply to the Plaintiff, Mr. Craven Randall Casper, because he is a private, American citizen; and (b) For issues of private concern – no actual malice is required.

[2] The Defendant(s), if convicted could face included, but are not limited to, Class H felony offenses under N.C. Gen. Stat. Ann. § 15A-287, with 4-8 months of prison term, per charge. Federal criminal law has long prohibited like and/or similar actions under 18 U.S. Code § 2511.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

as to all other matters. The Plaintiff, Mr. Craven Randall Casper, alleges the following **EIGHTEEN (18) COUNTS**:

**THE *ORIGINAL COMPLAINT* CONTAINS EIGHTEEN (18) COUNTS: <u>COUNT I.</u>: VIOLATION(S) OF 18 U.S. CODE § 2511, AND ANY AND ALL OTHER APPLICABLE FEDERAL LAW, WHEREAS SECTION 2511 OF FEDERAL TITLE 18 PROHIBITS THE UNAUTHORIZED INTERCEPTION, DISCLOSURE, AND USE OF WIRE, ORAL, OR ELECTRONIC COMMUNICATIONS; <u>COUNT II.</u>: VIOLATION(S) 18 U.S.C. 2512, AND ANY AND ALL OTHER APPLICABLE FEDERAL LAW, REGARDING THE MANUFACTURE, DISTRIBUTION, POSSESSION, AND ADVERTISING OF WIRE, ORAL, OR ELECTRONIC COMMUNICATION INTERCEPTING DEVICES PROHIBITED; <u>COUNT III.</u>: VIOLATION(S) OF THE FEDERAL ELECTRONIC COMMUNICATIONS PRIVACY ACT (ECPA)[4] AND ANY AND**

---

[4] *See* It is a FEDERAL crime to wiretap or to use a machine to capture the communications of others without court approval. It is likewise a FEDERAL crime to use or disclose any information acquired by illegal wiretapping or electronic eavesdropping. Violations can result in imprisonment for not more than five years; fines up to $250,000 (up to $500,000 for organizations); civil liability for damages, attorneys' fees and possibly punitive damages; disciplinary action against any attorneys involved; and suppression of any derivative evidence.

Title I of the ECPA amended the former Wiretap Act by including "electronic communications" among the types of communication protected from interception. Compare Pub. L. No. 90-351, 82 Stat. 197, 213 (1968) with 18 U.S.C.A. § 251 1(1). Currently under the Wiretap Act, it is illegal if any person "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

ALL OTHER APPLICABLE FEDERAL ACTS; <u>COUNT IV.:</u> VIOLATION(S) OF D.C. CODE § 23-542, AND ANY AND ALL OTHER DISTRICT OF COLUMBIA LAW AS THE DISTRICT OF COLUMBIA IS A FEDERAL DISTRICT AND THE FEDERAL CAPITAL OF THE UNITED STATES OF AMERICA (*SEE* 18 U.S. CODE § 2511); <u>COUNT V.:</u> VIOLATION(S) OF N.C. GEN. STAT. ANN. § 15A-287, WHEREAS INTERCEPTION AND DISCLOSURE OF WIRE, ORAL, OR ELECTRONIC COMMUNICATIONS IS PROHIBITED, AND ANY AND ALL OTHER APPLICABLE NORTH CAROLINA COMMON LAW; <u>COUNT VI.:</u> DEFAMATION [DEFAMATION OF CHARACTER (SLANDER AND LIBEL)]; <u>COUNT VII.:</u> LIBEL *PER SE*; <u>COUNT VIII.:</u> FALSE LIGHT; <u>COUNT IX.:</u> INVASION OF PRIVACY BY INTRUSION; <u>COUNT X.:</u> INTRUSION UPON SECLUSION; <u>COUNT XI.:</u> NEGLIGENCE; <u>COUNT XII.:</u> NEGLIGENCE *PER SE*; <u>COUNT XIII.:</u> INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BASED ON DEFENDANTS' ALLEGED INDIFFERENCE TO THE FALSITY OF THEIR REPORT AND THE HARM THAT IT CAUSED PLAINTIFF, MR.

---

communication." 18 U.S.C.A. § 2511(1X3).' In addition to criminal liability, the Wiretap Act also permits private civil action and the recovery of civil damages. See 18 U.S.C.A. § 2520(a).
Further, Section 2520 of the ECPA provides for a private cause of action and allows for declaratory and equitable relief as appropriate and statutory damages of the greater of $10,000 or $100 a day for each day of violation, actual and punitive damages, and reasonable attorney's fees and cost.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

CRAVEN RANDALL CASPER; <u>COUNT XIV.:</u> HARRASSMENT; <u>COUNT XV.:</u> CYBERSTALKING CODIFIED AT N.C. GEN. STAT. § 75-1.1, *ET SEQ.*, AND OTHER APPLICABLE NORTH CAROLINA COMMON LAW; <u>COUNT XVI.:</u> UNJUST ENRICHMENT; <u>COUNT XVII.:</u> EXPENSES OF LITIGATION; AND <u>COUNT XVIII.:</u> JURY DEMAND IN THE STATE OF NORTH CAROLINA.

[remainder of page intentionally left blank]

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.

6. This action is brought by the Plaintiff, Mr. Craven Randall Casper, to recover for defamation, negligence, tortious interference with business relationships, and other wrongs committed by the Defendant(s).

7. On information and belief, the Defendants knowingly and intentionally published false and disparaging statement(s) regarding the Plaintiff, Mr. Craven Randall Casper. Further, the Defendant(s) should have Malpractice, Errors & Omissions (E&) insurance, and/or other liability insurance, and that information including policy terms and policy numbers should be provided to this Court. The Defendant(s) must be held accountable for their actions described herein, and further detailed in depositions and throughout the entire Discovery process.

8. The Defendants engaged in a multi-year vicious, concerted disinformation campaign against the Plaintiff, Mr. Craven Randall Casper.

9. The Defendants' broadcast and publication of false and defamatory statement(s) was not privileged. Further, the Defendant(s) represented this as real news.

10. The Defendants' conduct in broadcasting and publishing false and defamatory statements was wrongful and tortious conduct. The statement(s) were false and defamatory, and said negligently, recklessly, or knowingly.

11. On information and belief, the Defendants' multi-year campaign against the Plaintiff, Mr. Craven Randall Casper was unparalleled in terms of its duration, its scope of false

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

statements, and the size of the audience it reached through the Defendants' Sinclair Broadcast Group, Inc.'s ABC affiliates broadcasts and online reports, articles and official statements. On information and belief, between May 25, 2015, and May 26, 2017, ABC aired twenty-two (22) broadcasts attacking the Plaintiff, Mr. Craven Randall Casper. The Defendants supplemented the broadcasts with online reports and numerous social media postings. Some publications have no date attached or visibly posted, as has been certified by an independent forensic expert hired by the Plaintiff, Mr. Craven Randall Casper, and who will testify at the Trial by Jury in the State of North Carolina. Over almost 1,065 days, the Defendants knowingly or recklessly made numerous false, defamatory, and disparaging statements regarding the Plaintiff, Mr. Craven Randall Casper.[5] There is a lack of clarity for viewers and readers. There is no sense of when the alleged crime(s) and false statement(s) occurred, and the Plaintiff, Mr. Craven Randall Casper, is trapped in a perpetual criminal status by the Defendants' statement(s), photographs video(s) and audio recordings. In summary, there has been a continuous loop of publications and re-

---

[5] If any video footage, syndicated, and/or written Articles have been removed from syndication and/or any Defendant controlled website or social media platform or any third-party online site that information was distributed, the Defendants must provide the date, time and IP address of each and every transaction for validation by an independent data forensic firm, including, but not limited to eDiscovery or performing forensic activity analysis.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

publications and links to local news stories generated by the Defendants on a daily basis. *See Paragraph 11, Paragraph 90, Paragraph 223.*

12. The Defendant(s) knowingly and intentionally published false and disparaging statements regarding the Plaintiff, Mr. Craven Randall Casper. The Defendant(s) engaged in a multi-year, vicious, concerted disinformation campaign against the Plaintiff, Mr. Craven Randall Casper.

13. Again, the Plaintiff, Mr. Craven Randall Casper, personally issued legal Demand Notices to the Defendants via certified mail inclusive of United States Postal Service (USPS) priority mail return receipts.[6]

14. Again, the Plaintiff, Mr. Craven Randall Casper, sought a retraction and apology of any and all print, Online, and/or defamatory statement(s) made or delivered to a third-party or potentially millions of consuming Americans. Further, the Plaintiff, Mr. Craven Randall Casper, demanded to know any and all statement(s) that been written or spoken to any third-party of or concerning the Plaintiff, Mr. Craven Randall Casper. See *Boyce & Isley, PLLC v. Cooper*, 2002 N.C. App. LEXIS 1088, 568 S.E.2d 893, 898 (2002). The broadcast(s), video(s), printed articles, printed stories, printed statement(s) of fact;

---

[6] The United States Postal Service (USPS) is an independent agency of the United States federal government responsible for providing postal service in the United States, including its insular areas and associated states. It is one of the few government agencies explicitly authorized by the United States Constitution.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

photograph(s); audiotapes and any and all other printed document, which was put into circulation by the Defendant(s), described herein, will need to filed under SEAL to prevent further public circulation and increased reputational, personal and economic damage to the Plaintiff, Mr. Craven Randall Casper.

15. The Defendants' conduct was despicable, abhorrent, intentional, malicious, and oppressive, and thus, justifies an award of punitive damages.

16. The Defendant(s), acted knowingly and willfully to injure the victim, the Plaintiff, Mr. Craven Randall Casper, who is the wronged and aggrieved party. The Plaintiff, Mr. Craven Randall Casper, is a motivated victim, who deserves the opportunity for a fair Trial by Jury in the State of North Carolina.

17. The Defendants' campaign against the Plaintiff, Mr. Craven Randall Casper was unparalleled in terms of its duration, its scope of false statements, and the size of the audience it reached through the Defendants' ABC broadcasts and online reports reached.

18. While this has not been an easy road to travel, it was necessary to begin rectifying the harm the Plaintiff, Mr. Craven Randall Casper, suffered as a result of what we believed to be biased and baseless reporting in late May, 2015, and more egregiously in 2016, and continuing through the date of this filing, during its reports, broadcasts, publications and articles, over multiple media platforms including television, online and in social media platforms. If inaccurate information is being put out there by an American news

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

organization, particularly one with a powerful reach, it can cause tremendous damage.
There are real consequences to that for real private, American citizens, including the
Plaintiff, Mr. Craven Randall Casper. It should be noted for this Court that these
Defendants are no strangers to Defamation lawsuit, but typically, only the wealthy,
powerful, famous or large corporations have the power to actually bring suit(s).[7] The
Plaintiff, Mr. Craven Randall Casper's, evidence is overwhelming. An attorney is not
necessary at this time, but the Plaintiff, Mr. Craven Randall Casper, has plans to partner
with a litigation finance firm to hire a successful Trial attorney to successfully argue this
case before a Jury in the State of North Carolina.

19. The Plaintiff, Mr. Craven Randall Casper, reserves his right to AMEND this *Original*

---

[7] *See Beef Products, Inc.; Bpi Technology, Inc; and Freezing Machines, Inc.; v. American Broadcasting Companies, Inc., ABC News, Inc., Diane Sawyer, Jim Avila, David Kerley, Gerald Zirnstein, Carl Custer, And Kit Foshee*, Filed Case Number: Civ. No. 12-4183, United States District Court District Of South Dakota [Southern Division], *Original Complaint*: < https://consumermediallc.files.wordpress.com/2017/06/finalcomplaint1.pdf >.

For additional Legal Doctrine, please see:

[7]*See Erin Andrews v. Marriott International Inc.*, Case Number: BS141941, in the Superior Court of the State of California, County of Los Angeles; and *Erin Andrews v. Marriott International Inc. et al.*, Case Number: 11C4831, in the Circuit Court for Davidson County, Tennessee, March 7, 2016.

See *Melania Trump v. Webster Griffin Tarpley, et al.* Case Number: 424492-**V**, in the Circuit Court of the State of Maryland, Montgomery County.

See *Melania Trump v. Mail Media, Inc., dba Mail Online, a Delaware Corporation, et al.* Case Number: Index 650661.2017, Filed NYSCEF: 02/06/2017 in the Supreme Court of the State of New York County of New York – Commercial Division.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

*Complaint* to identify additional unknown Defendants and/or COUNTS once its investigation is complete, and additional Defendants could enjoin any Defendant ABC WCTI 12 Executive Editor, Producer, Camera Man, and/or Senior Editor of Investigations. Further, in the Discovery process, the parent company may need to be added as a Defendant(s), including the Walt Disney Company, commonly known as DISNEY; American Broadcasting Company, Inc. (ABC); and/or ABC News, Inc.[8] *See*

---

[8] Footnote 8 contains fourteen (14) sub-points regarding the corporate structure referenced herein, which may be of consideration in the addition of a Defendant(s).

1. **The Walt Disney Company**, commonly known as **DISNEY**, was founded on October 16, 1923, by brothers Walt Disney and Roy O. Disney. Today, the Walt Disney Company is an American diversified multinational mass media and entertainment conglomerate, headquartered at the Walt Disney Studios in Burbank, California. The Walt Disney Company is a publicly traded company (NYSE: DIS), which as of October 20, 2017, traded at ninety-nine dollars and twenty-seven ($99.27 US Dollar) per share.

2. *FORBES*, publicly touted that The Walt Disney Company was Number 5 (#5) on their Global 2,000 list of companies with an estimated market capitalization of $178 Billion US Dollars, with $54.94 Billion US Dollars and $91.85 Billion US Dollars in Assets. [8]

3. According to the Defendants' controlled website: < https://thewaltdisneycompany.com/about/ >, the Walt Disney Company (DISNEY) is a "diversified international family entertainment and media enterprise with the following business segments: media networks, parks and resorts, studio entertainment, consumer products and interactive media". This website also states the following corporate Mission: "The mission of The Walt Disney Company is to be one of the world's leading producers and providers of entertainment and information. Using our portfolio of brands to differentiate our content, services and consumer products, we seek to develop the most creative, innovative and profitable entertainment experiences and related products in the world".

4. In the United States, the Walt Disney Company operates a vast number of websites including: < http://www.disney.com > and < https://thewaltdisneycompany.com >.

5. The Plaintiff, Mr. Craven Randall Casper, contacted various departments, including the legal department for The Walt Disney Company. On further information and belief, the Walt Disney Company, had active and constructive knowledge of this *Original Complaint* prior to the date of this initial filing.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

*Paragraph 92.*

20. The Plaintiff, Mr. Craven Randall Casper, absolutely refuses to let this *Original Complaint* go unanswered in its entirety.

---

6. On information and belief, the Walt Disney Company operates in the State of North Carolina and in this Jurisdiction.

7. On further information and belief, The Walt Disney Company offers work-from-home jobs open to people in North Carolina who work from home as guest service representatives, also known as "Cast Members" in the State of North Carolina and in this Jurisdiction.

8. **American Broadcasting Companies, Inc.,** commonly called ABC, is an American English language commercial broadcast television network that is owned by the Disney–ABC Television Group, a subsidiary of the Disney Media Networks division of The Walt Disney Company.

9. In the United States, American Broadcasting Companies, Inc. was formerly known as American Broadcasting-Paramount Theaters, Inc. and changed its name to American Broadcasting Companies, Inc. in 1965. The company was founded in 1953 and is based in New York, New York. American Broadcasting Companies, Inc. operates as a subsidiary of The Walt Disney Company.

10. American Broadcasting Companies, Inc. operates television and radio networks in the United States of America, in the State of North Carolina and in this Jurisdiction.

11. The Walt Disney Company's subsidiary, the American Broadcasting Company, Inc., operates a vast suite of websites including: < http://abc.go.com > and < http://www.disneyabcpress.com/disneyabctv/ >.

12. The Plaintiff, Mr. Craven Randall Casper, contacted various departments, including the legal department for the American Broadcasting Companies, Inc. On further information and belief, American Broadcasting Companies, Inc., had active and constructive knowledge of this *Original Complaint* prior to the date of this initial filing.

13. **ABC News** is the news division of the American Broadcasting Company, owned by the Disney Media Networks division of The Walt Disney Company.

14. ABC News has the following controlled public website: < http://abcnews.go.com >.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

---

21. The Plaintiff, Mr. Craven Randall Casper will intently pursue additional criminal and civil litigation cases against the Defendants, and will likely enjoin additional Defendants. *See Paragraph 241.*

22. The Plaintiff, Mr. Craven Randall Casper's, delay in bringing this action does not undermine his cry of irreparable harm. The Plaintiff, Mr. Craven Randall Casper, has made attempts to negotiate a reasonable business solution. The Plaintiff, Mr. Craven Randall Casper, filed suit and has timely sought injunctive relief when it became apparent that the Defendants would not stand down. The Plaintiff, Mr. Craven Randall Casper, has no remedy at law.

23. The Plaintiff, Mr. Craven Randall Casper, also requests that all communications be in writing. The Plaintiff, Mr. Craven Randall Casper, requests that the Defendants respond by filing a written **ANSWER** addressing each of the (*See Paragraphs 1-488 and Wherefore 1-42, Pages 150-156* of this *Original Complaint*) separately and independently in detail with adequate responses to each of the *Paragraphs 1-488* to satisfy a complete Original ANSWER to this initial *Original Complaint* incorporated herein. If the Defendants' value free speech, then the Defendants will ANSWER in detail all paragraphs of this *Original Complaint*, and subsequent Motions, and additional criminal and civil cases (*See Paragraph 21 and Paragraph 241*), and provide detailed Exhibits to their ANSWER of this *Original Complaint*, and will fully agree to Answer, under Oath,

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

declaring under penalty of perjury (under the laws of the United States of America), to provide true and accurate Answers to all questions at a Jury Trial in the State of North Carolina. Any omission of a complete, direct ANSWER of each Paragraph of this *Original Complaint* herein, *Paragraphs 1-862*, will be deemed acceptance of that Paragraph and admittance of guilt to be used against the Defendants in a future Trial by Jury in the State of North Carolina. The legal standard for the Defendants is to Answer, and silence on a Paragraph would speak volumes in public and is unpersuasive in a Trial by Jury in the State of North Carolina.

24. Despite the Plaintiff, Mr. Craven Randall Casper's, repeated demands to the Defendants to immediately Cease and Desist their unlawful actions, the Defendants, through counsel, refused to do so and have failed to do so, including removing their posts and issuing a retraction (*See Exhibit D and Exhibit E*). The Plaintiff, Mr. Craven Randall Casper, has made more than thirty (30) attempts over many months to make contact, to gain a response and to obtain compliance and to obtain cooperation from the Defendants and/or their counsel. Given that all attempts over many months at obtaining a business resolution have been exhausted, and the Plaintiff, Mr. Craven Randall Casper, has no option but to commence this litigation to seek relief in the United States of America in Superior Court in Orange County, North Carolina. *See Paragraph 25*.

25. If this case needs to be elevated or REMOVED to Federal Court, the Plaintiff, Mr. Craven

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

Randall Casper, would agree to the transfer and payment of additional fees ($400) in the U.S. District Court for Middle District of the State of North Carolina (Southern District), but this case cannot be swiftly dismissed because statements of fact about the Plaintiff, Mr. Craven Randall Casper, were false and more than just a reckless disregard for the truth. The job of a reporter is to vet statements before they are published, and that is what the Defendant(s) failed to do. The Plaintiff, Mr. Craven Randall Casper, was the target of reckless or purposefully negligent reporting by the Defendant(s). There is an avalanche of evidence of against the Defendants' of false statement(s) of fact and/or reckless disregard for the truth. The Plaintiff, Mr. Craven Randall Casper, has testimonial evidence; documentary evidence; physical evidence; and demonstrative evidence. Further, the Plaintiff, Mr. Craven Randall Casper, has established the elements, described in detail herein, in a manner that meets the burden of proof with a preponderance of the evidence

26. Unfortunately, *Paragraphs 1-862* of the *Original Complaint* are only what the Plaintiff, Mr. Craven Randall Casper, has been able to discover, research and investigate as of the date of the filing of this *Original Complaint*, and additional damage(s) are likely to surface during Discovery and be awarded during a public, Jury Trial (*See COUNT XIII.: JURY DEMAND IN THE STATE OF NORTH CAROLINA*, which will re-affirm the Plaintiff, Mr. Craven Randall Casper's, claims. While the Plaintiff, Mr. Craven Randall Casper,

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

does not have a right to a speedy Jury Trial, if the Defendants use the Court System(s) as a public playground for endless Motions and multi-year litigation, the Plaintiff, Mr. Craven Randall Casper, is not interested in resolution through a global settlement, and as a direct and proximate result of the foregoing conduct, including but not limited to the Defendants' limited communication and cavalier style, the Plaintiff, Mr. Craven Randall Casper, is entitled to seek an additional **TWENTY MILLION DOLLARS ($20 Million USD)** in damages, per annum of the litigation period. The Plaintiff, Mr. Craven Randall Casper, wants this noted for the record in this Court or another or in future litigation. The Plaintiff, Mr. Craven Randall Casper, will intently pursue this in the Court of Law and absolutely refuses to let this go entirely unanswered by the Defendants.

27. The reasonableness of the Plaintiff, Mr. Craven Randall Casper's, out-of-court efforts to resolve the matter, this Case stands out from other cases making it an exceptional case and creating the need to advance considerations of compensation and deterrence by having any monetary remedies awarded to the Plaintiff, Mr. Craven Randall Casper, trebled and awarding the Plaintiff, Mr. Craven Randall Casper its reasonable attorneys' fees.

28. If the Defendants [their/his/her] actions were careless, it was certainly not due to their/her lack of resources and/or knowledge. Unfortunately, no level of cooperation or reconciliation has been reached, and irreparable harm has already been done, and the Defendants' [their/his/her] conduct will continue to cause irreparable injury until enjoined

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

by a Court in the Great State of North Carolina. The Plaintiff, Mr. Craven Randall Casper, has no adequate remedy at law.

29. The right of the Plaintiff, Mr. Craven Randall Casper, to appear *Pro Se* in a civil case in is defined by statute 28 U.S.C. § 1654. The evidence is absolutely overwhelming, and sufficient to succeed on the merits, but the Plaintiff, Mr. Craven Randall Casper, should be afforded the opportunity for Discovery.

30. The Plaintiff, Mr. Craven Randall Casper, appears before the Court *Pro Se* at a reasonable and conservative rate of five hundred dollars ($500) per hour (15 U.S.C. §§ 1125(a), 1116, and 1117). The learning curve was steep, and this *Original Complaint* took the Plaintiff, Mr. Craven Randall Casper, over sixty hours (60) hours over the course of several months to research and write at a total cost of thirty hundred dollars ($30,000), excluding the initial four hundred-dollar ($200) filing fee, two thousand dollars ($2,000) legal editing fees, and seven hundred ($800) in document preparation, photocopies, binding and mailing. As of the date of this filing, the Plaintiff's total expenses are thirty-five thousand eight hundred ninety dollars ($35,890). Filing a lengthy *Original Complaint* was disruptive and a last, exhaustive resort. The Defendants' counsel should release their per hour legal rate to the Court if the Plaintiff, Mr. Craven Randall Casper's, reasonable rate is disputed. The Plaintiff, Mr. Craven Randall Casper, has the right to engage a high-profile attorney or attorneys at any time. *See Illustration 1.*

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

| | Plaintiff's Fees To File Original Complaint | Plaintiff's Cost Per Hour Original Complaint | Plaintiff's Number of Hours | Plaintiff's Total Expenses Per Line Item |
|---|---|---|---|---|
| 1 | Legal Fees / Research / Writing Final Original Complaint | $ 500.00 | 60 | $ 30,000.00 |
| 2 | Editing Fees / Research / Assistance | $ 25.00 | 80 | $ 2,000.00 |
| 3 | Transcription / Internet Research Fees | $ 90.00 | 9 | $ 810.00 |
| 4 | Website / Internet / Twitter Verification | $ 125.00 | 12 | $ 1,500.00 |
| 5 | Travel | $ 190.00 | 2 | $ 380.00 |
| 6 | Document Preparation / Printing / Labels / Mailing | | | $ 750.00 |
| 7 | Original Complaint Filing Fee - Orange County, NC | | | $ 200.00 |
| 8 | Service Certificate to Defendant(s) | | | $ 250.00 |
| | **TOTAL:** | | | $ 35,890.00 |

**Illustration 1: The Plaintiff, Mr. Craven Randall Casper's, Attorneys' Fees, Expenses and Cost of Litigation as of the Date of the filing of this *Original Complaint*.**

31.    A Jury award in the State of North Carolina should serve as a notice to all those determined to engage in unlawful civil and/or criminal activity or in violation of North Carolina that they are not beyond the reach of justice by Court juries.  In some cases, sending Cease and Desist Letters or Legal Notices or requests for retractions will discourage the Defendant(s) from continuing nefarious activity; however, when the Defendants' counsels' objectively unreasonable failure to stop such activity in spite of the significant discrepancy between the weakness of the Defendants' position on the one hand and the strength of the Plaintiff, Mr. Craven Randall Casper's, litigating position on the other hand, and the reasonableness of the Plaintiff, Mr. Craven Randall Casper's, out-of-court efforts to resolve the matter, this case stands out from other cases making it an *exceptional case* and creating the need to advance considerations of compensation and deterrence by having any monetary remedies awarded to the Plaintiff, Mr. Craven Randall Casper,

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

trebled and awarding the Plaintiff, Mr. Craven Randall Casper, its reasonable attorneys' fees. The Plaintiff, Mr. Craven Randall Casper, has no choice but to file an *Original Complaint*. Simply stated, the Defendants' through in-house counsel have drawn a line in the sand, incorporated herein by reference attached hereto as *Exhibit D and Exhibit E*, and the Plaintiff, Mr. Craven Randall Casper, has issued additional and unanswered inquiries and Cease and Desist Letters.

32. In summary, an eight (8) to twelve (12) month Discovery process will likely be necessary as there may be other unknown individuals or entities involved, plus interest should continue accruing at the North Carolina legal rate, plus the Court should grant an ORDER for an award of attorney fees at a reasonable rate of $500 (five hundred United States dollars) per hour. *See* N.C. GEN. STAT. § 6-21.6.

33. Despite the length of this *Original Complaint*, a *Motion for Extension of Time*, should not be granted by this Court because the Defendants have the ability to issue an ANSWER on time as the Defendants have ample in-house legal counsel, resources and/or knowledge of their activities, and other subsequent issues addressed herein, for many months, prior to the filing of this *Original Complaint* by the Plaintiff, Mr. Craven Randall Casper. *A Motion for Extension of Time* would be viewed as an unnecessary delay tactic by the Defendants, but given their nature as a poor corporate citizen, any legal trick is likely (*See Paragraph 48-50*).

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

34.    The Plaintiff, Mr. Craven Randall Casper, requires a written ANSWER and written responses to any and all *Motions*. If there is no ANSWER, the Plaintiff, Mr. Craven Randall Casper, respectfully requests the Court Grant Summary Judgment [SUMJ]. In summary, all correspondence must be in writing.

35.    Simply, the Plaintiff, Mr. Craven Randall Casper' s, rights under North Carolina law, were violated. Thus, the Plaintiff, Mr. Craven Randall Casper, is prepared to pursue issues described herein under any and all federal and North Carolina common law, including appeals if necessary, in this District or another or in an entirely new lawsuit.

36.    The Court must ensure that there be absolutely no destruction of evidence by the Defendants. From the outset, the Court must prevent the destruction, concealment and/or delay of any and all documents or electronic evidence, and the entire file that the Defendants may have on or regarding the Plaintiff, Mr. Craven Randall Casper, be kept intact for production of electronic data, notes, articles, correspondence, Discovery and full disclosure to this Court. Information stored electronically, such as e-mails, electronic calendars and drafts of documents will be requested. *See, e.g., Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001).

37.    In addition to the Defendants' paper files, courier records, data stored on networks, on individuals' computers, on hard disk, on external media and on backup tapes all should

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

be preserved. If any employees save work-related information on laptop computers, home computers, personal e-mail accounts and PDAs (i.e. IPhones, Androids, Blackberries, Palm Pilots), that information is also discoverable. The storage medium is not the issue; relevant information, whatever the form, will be discoverable in this case, because litigation has been apparent through multiple Demand Letters directly from the Plaintiff, Mr. Craven Randall Casper. *See McPeek v. Ashcroft*, 202 F.3d 31, 33-34 (D. D.C. 2001).

38. In the event of non-cooperation and/or destruction of documents, tampering or perjury[10], the Plaintiff, Mr. Craven Randall Casper, will move this Court for *Rule 11 Sanctions* against the Defendants and/or their undersigned counsel; and further, the Defendants should be found summarily liable, without a Trial. There is a question of decency too, and the Defendants must be honest with this Court. *See Everyday Learning Corp. v. Larson*, 242 F.3d 815 (8th Cir. 2001).

39. The Plaintiff, Mr. Craven Randall Casper, has also provided the Court with a signed, notarized North Carolina Affidavit. *See Exhibit K.*

---

[10] *See UNITED STATES OF AMERICA v. MICHAEL T. FLYNN*, United States District Court for the District of Columbia, *Case No.: 1-17-cr-00232*, Violation 18 U.S.C. § 1001 (False Statements), November 30, 2017, {https://www.justice.gov/file/1015126/download]. See *UNITED STATES OF AMERICA v. GEORGE PAPADOPOULOS*, United States District Court for the District of Columbia, *Case No.: 1-17-cr-00182*, Violation 18 U.S.C. § 1001 (False Statements), October 05, 2017, [https://www.justice.gov/file/1007346/download]. *See UNITED STATES OF AMERICA v. ALEX VAN DER ZWAAN*, United States District Court for the District of Columbia, *Case No.:* 1:18-cr-00031-ABJ, Violation 18 U.S.C. § 1001 (False Statements), February 02, 2018, [https://www.justice.gov/file/1036406/download].

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

---

40.  Simply, the Plaintiff, Mr. Craven Randall Casper's, rights under North Carolina law, were violated. Thus, the Plaintiff, Mr. Craven Randall Casper, is prepared to pursue issues described herein under any and all federal and North Carolina common law, including appeals if necessary, in this District or another.

41.  The Plaintiff, Mr. Craven Randall Casper, seeks actual damages, presumed damages, punitive damages, declaratory relief, injunctive relief, plus interest, penalties, filing fees and attorney fees, and any other relief the Court deems just and proper. Further, the Plaintiff, Mr. Craven Randall Casper, also seeks a public, written apology from the Defendants.

42.  At a Trial by Jury in the State of North Carolina, the Plaintiff, Mr. Craven Randall Casper, will be prepared to testify as to the damage the Defendants have caused him. *See Paragraph 36.*

43.  The annual legal rate of interest in North Carolina is eight percent (8.0%) per year. *See* N.C.G.S. § 24-1.

44.  The Plaintiff, Mr. Craven Randall Casper, proceeds with alacrity in confidence that he will be able to succeed on the merits at a Trial by Jury in the State of North Carolina. Defamatory statements foreseeably caused substantial damage to his business and his actual and prospective economic relationships. There has been both reputational and

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

---

financial harm that will be proven at a Trial by Jury in the State of North Carolina.

45. Further, there could be additional penalties in violation of additional N.C. General Statutes, which may be added in the filing of a future *AMENDED COMPLAINT*.

46. Further, the Plaintiff, Mr. Craven Randall Casper, seeks **treble damages (3X)** if this case goes to a Trial by Jury in the State of North Carolina.

47. The Plaintiff, Mr. Craven Randall Casper, requests $500,000 USD in damages on each COUNT, per violation. For the Defamation Count, the Plaintiff, Mr. Craven Randall Casper, seeks $150 million dollars.

48. Any attempt for the Defendants' to move to *Dismiss* via a *Motion to Dismiss* the *Original Complaint*, or a future *Amended Complaint*, on the ground that it is a "Strategic Lawsuit Against Public Participation" (SLAPP), will be barred under the Citizen Participation Act (735 ILCS 110/1 et seq. (West 2010)), and given the fact that there are not relevant statues or cases concerning Strategic Lawsuits Against Public Participation (SLAPPs) in North Carolina.

49. Any attempt for the Defendants' to move to *Dismiss* via a *Motion to Dismiss* the *Original Complaint*, or a future *Amended Complaint*, on barebones procedural claims will be of no merit. The facts surrounding the claim stand unabated, and will be strengthened in the Discovery process. The case is being reviewed for potential criminal prosecution and a number of federal agencies, including the Federal Communications Commission (FCC)

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

are also investigating issues addressed herein.[11]  The FCC investigation is operating under Investigation ID Number: 1951022.  *See Paragraph 84.  See Paragraph 114.*  In summary, due to the filing of this initial civil lawsuit, the Defendants are going to have public relations (PR) risks; potentially hundreds of thousands of dollars in legal expense risks; exposure to criminal suits, loss of advertising revenue, which could be millions of dollars; declining viewership; investigations by multiple federal agencies, professional organizations and industry associations; coupled with a multi-million-dollar judgment. *See Paragraph 286.*

50.  A justiciable controversy is before this Court, and this case cannot be swiftly dismissed, as this *Original Complaint* contains valid causes of action, in which the Plaintiff, Mr. Craven Randall Casper, is entitled to relief.  Without the opportunity for Discovery, depositions, which are critical to the interest of justice, and a Trial by Jury in the State of North Carolina.

**[remainder of page intentionally left blank]**

---

[11] The Federal Communications Commission (FCC) is an independent agency of the United States government created by statute (47 U.S.C. § 151 and 47 U.S.C. § 154) to regulate interstate communications by radio, television, wire, satellite, and cable. The FCC works towards six goals in the areas of broadband, competition, the spectrum, the media, public safety and homeland security, and modernizing itself.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

## II.    THE PARTIES.

## 1. THE PLAINTIFF, MR. CRAVEN RANDALL CASPER.

51. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-50* of the *Original Complaint*.

52. The Plaintiff, Mr. Craven Randall Casper, ("Plaintiff") is a natural person.

53. The Plaintiff, Mr. Craven Randall Casper, ("Plaintiff") is a private citizen in the United States of America.

54. The Plaintiff, Mr. Craven Randall Casper, was born in Nash County, North Carolina, and is an alumnus of the University of North Carolina at Chapel Hill (Orange County, North Carolina).

55. For legal mailing purposes, please direct any and all written correspondence or U.S. mail to:

> **MR. CRAVEN RANDALL CASPER**
> **LEGAL MAIL**
> **CASE NO.: _____**
> **P.O. BOX 2311**
> **CHAPEL HILL, NC 27515\**

56. The Plaintiff, Mr. Craven Randall Casper, requires a written ANSWER and written responses to any and all *Motions*. If there is no ANSWER, the Plaintiff, Mr. Craven Randall Casper, respectfully requests the Court Grant Summary Judgment [SUMJ]. *See*

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

Rule 56 of the North Carolina Rules of Civil Procedure. All correspondence must be in writing.

## 2. THE DEFENDANTS.

57. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-56* of the *Original Complaint*.

58. Sinclair Broadcast Group, Inc. (NASDAQ: SBGI), commonly known as "Sinclair," is one of the largest and most diversified television broadcasting companies in the country.[12] Including pending transactions, Sinclair, operates and/or provides services to one hundred seventy-three (173) television stations in eighty-one (81) markets, broadcasting four hundred eighty-three (483) channels and having affiliations with all the major networks. Sinclair is the leading local news provider in the country, as well as a producer of live sports content. Sinclair's content is delivered via multiple-platforms, including over-the-air, multi-channel video program distributors, and digital platforms. The Company regularly uses its website as a key source of company information which can be accessed

---

[12] Office of the North Carolina Secretary of State: <
https://www.sosnc.gov/online_services/search/Business_Registration_Results >. and <
https://www.sosnc.gov/online_services/search/Business_Registration_Results >. Businesses formed or registered in North Carolina must have an in-state Registered Agent and Registered Office.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

at: < www.sbgi.net >.[13] *See Exhibit F.*

59. **Sinclair Broadcast Group, Inc.** (Nasdaq: SBGI), commonly known as **Sinclair**, as of April 13, 2018, traded at twenty-nine dollars and fifty cents ($29.50 US Dollar) per share.[14]

60. On information and belief, Sinclair Broadcast Group, Inc., the largest local broadcaster in the country, is currently in controversial merger talks, under review by the United States Department of Justice (DOJ), with Tribune Media, also known as Tribune Media Company and formerly known as the Tribune Company, is an American conglomerate

---

[13] Source: < https://www.nytimes.com/2018/04/02/business/media/sinclair-news-anchors-script.html > April 02, 2018. < https://www.cnbc.com/2018/04/03/the-real-danger-in-sinclair-broadcasts-fake-news-scandal.html > April 02, 2018.

On local news stations across the United States last month, dozens of anchors gave the same speech to their combined millions of viewers.
The *New York Times* Article reads: "It included a warning about fake news, a promise to report fairly and accurately and a request that viewers go to the station's website and comment 'if you believe our coverage is unfair.' It may not have seemed strange to individual viewers. But Timothy Burke, the video director at Deadspin, had read a report last month from CNN, which quoted local station anchors who were uncomfortable with the speech. Mr. Burke tracked down the stations and found when each had aired what he called a 'forced read'."

"Then he stitched together the various broadcasts to create a supercut of anchors eerily echoing the same lines":

*"The sharing of biased and false news has become all too common on social media."*

*"Some members of the media use their platforms to push their own personal bias."*

Source: < https://www.nytimes.com/2018/04/02/business/media/sinclair-news-anchors-script.html > April 02, 2018.

[14] Source: < https://finance.yahoo.com/quote/sbgi/ >. 13 April 2017.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

---

*CRAVEN RANDALL CASPER v. SINCLAIR BROADCAST GROUP, INC., et al.*          | Page 31 of 171

that is headquartered in Chicago, Illinois, United States, and controls the following website < http://www.tribunemedia.com/our-brands/ >. Further on information and belief, the company's actions surrounding fake news and this merger present a cautionary tale about over-consolidation of the media.

61. On information and belief, Sinclair Broadcast Group, Inc. operates in the State of North Carolina and in the Federal jurisdiction of the U.S. District Court for the Middle District of North Carolina (SOUTHERN DIVISION).



62.

*Illustration 2:* **Screenshot of the Defendants' controlled interactive website map <**

**http://sbgi.net/tv-stations/>, including ABC WCTI 12. (red highlighting added).**

---

[15] Source : < http://sbgi.net/tv-stations/ >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

63. The Defendant, **WCTI-TV** is the **ABC-affiliated television station** for Eastern North Carolina's Inner Banks that is licensed to New Bern. It broadcasts a high-definition digital signal on VHF Channel 12 (also the station's virtual channel via PSIP) from a transmitter, north of Trenton, along North Carolina (NC) 41. Owned by the Defendant, Sinclair Broadcast Group, the station operates North Carolina Greenville-licensed Fox affiliate WYDO (owned by Cunningham Broadcasting) through a local marketing agreement (LMA). However, Sinclair effectively owns WYDO due to Cunningham's ownership structure. The two stations share studios on Glenburnie Drive in New Bern, North Carolina (Craven County, North Carolina). *See Paragraph 19 and Paragraph 92.*

64. In summary, on information and belief, the Defendant, Sinclair Broadcast Group, Inc., operates in the State of North Carolina and in this Jurisdiction, and has employed and as of the date of this filing continues to employees a number of individuals in North Carolina.

65. On information and belief, the Defendant, ABC WCTI 12, has a corporate address of 225 Glenburnie Drive, New Bern, North Carolina 28560. *See Exhibit F and Exhibit G.*

66. The Defendant(s) must explain, in detail, to this Court or another court of competent Jurisdiction, including any Federal Court, the syndication and airing times of their daily broadcasts, and specifically of any and all broadcasts involving or naming or alluding to the Plaintiff, Mr. Craven Randall Casper.

67. On information and belief, Monday – Friday, the Defendants daily broadcasts include:

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

7:00 AM EST, 12:00 PM EST, 5:00 PM EST, 5:30 PM EST, 6:00 PM EST, and 11:00 PM EST.[16]

68. On Information and belief, the Defendant(s) may also have daily broadcasts at 6:00 AM EST; 6:30 AM EST; 7:00 AM EST; 7:30 AM EST; 8:00 AM EST; and 8:30 AM EST.

69. In summary, the Defendants broadcast multiple times per day on television.

70. The Defendants' must explain, in detail, to this Court or another court of competent Jurisdiction, including any Federal Court, the syndication process and any languages other than English in which any broadcast is translated into, including all referenced broadcast(s) in this *Original Complaint*.

71. On information and belief, the Defendants use **Closed Captioning** (**CC**) and/or subtitling, both processes of displaying text on a television, video screen, or other visual display to provide additional or interpretive information. Both are typically used as a transcription of the audio portion of a program as it occurs (either verbatim or in edited form), sometimes including descriptions of non-speech elements. Further, the Plaintiff, Mr. Craven Randall Casper's, name appears in textual form and circulated and then recirculated in print, online, and on social media platforms.

72. On information and belief, the Defendants use **HTML5**, which defines subtitles as a

_____
[16] Source: < http://wcti12.com/station/schedule >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

"transcription or translation of the dialogue ... when sound is available but not understood" by the viewer (for example, dialogue in a foreign language) and captions as a "transcription or translation of the dialogue, sound effects, relevant musical cues, and other relevant audio information ... when sound is unavailable or not clearly audible" (for example, when audio is muted or the viewer is deaf or hard of hearing).

73. The Defendants' provide LIVESTREAM. < http://www.wcti12.com/livestream >, and the public national site states in pertinent part: "Visit this page to watch all newscasts and severe weather coverage we broadcast on the air."[17]according to the Defendants' public website, which states in pertinent part: < http://www.wcti12.com/livestream >, the **ABC WCTI 12 Schedule of:**

**Newscasts** will be live streamed at the following times:[18]          *See Exhibit G.*

> **Weekdays (Mondays - Fridays)**
> 5 a.m. - 7 a.m.
> 11:59 a.m. - 12:29 p.m.
> 5 p.m. - 6:30 p.m.
> 11 p.m. - 11:35 p.m.
>
> **Weekends (Saturdays and Sundays)**
> 7 a.m. - 8 a.m.
> 6 p.m. - 6:30 p.m.
> 11 p.m. - 11:30 p.m.

---

[17] Source : < http://www.wcti12.com/livestream >.

[18] Source: < http://www.wcti12.com/livestream >.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

*CRAVEN RANDALL CASPER v. SINCLAIR BROADCAST GROUP, INC., et al.*

74. Further, the website states: **"COPIES OF NEWSCASTS:** You cannot download or save these videos. If you would like to obtain copies of newscasts, please call 1-800-861-5255".[19] Unfortunately, this is not true. This is a patently false statement by the Defendant(s), that the Plaintiff, Mr. Craven Randall Casper, will be able to defend with testimony from a certified by an independent forensic expert hired by the Plaintiff, Mr. Craven Randall Casper, and who will testify at the Trial by Jury in the State of North Carolina.

75. Further, the Defendant(s) states: **"WATCHING INDIVIDUAL VIDEOS:** You can also watch individual videos from our most recent newscasts by clicking on the icons under LOCAL VIDEOS on this page".[20]

**[remainder of page intentionally left blank]**

---

[19] Source: < http://www.wcti12.com/livestream >.

[20] Source: < http://www.wcti12.com/livestream >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S,** *ORIGINAL COMPLAINT*; **APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**



76.

*Illustration 3:* **Screenshot of the Defendants' controlled LIVESTREAM for ABC WCTI 12. (red highlighting added).**

77. The Defendant, **ABC WCTI 12**, has a national publicly controlled Facebook page: < https://www.facebook.com/wcti12/ >. *See Paragraph 226.*

78. On information and belief, the Defendant, ABC WCTI 12, can share anything the Defendants' post through their controlled website to Facebook, and then, to other social media platforms and/or Defendant(s) controlled accounts such as Twitter, Instagram, which is owned by Facebook, GIPHY (GIF FILES), an online database and search engine that allows users to search for and share animated GIF files and/or saved in Portable

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

Document Format (PDF) and distributed via email.

79. The Defendant, **ABC WCTI 12,** has a national publicly available **Twitter** page: <
https://twitter.com/wcti12 > and uses the Defendants' Twitter handle (**@wcti12**).

80. On information and belief, ABC WCTI 12 can share anything the Defendants' post
through their controlled website to Twitter, and other social media platforms. *See
Paragraph 78.*

81. The Defendant, **ABC WCTI 12,** has a national public **LinkedIn** page: <
https://www.linkedin.com/company/1077326/ >.

82. On information and belief, the Defendant, ABC WCTI 12, can share anything the
Defendants' post through their controlled website to LinkedIn.

83. On information and belief, the video and/or photographs can be emailed to a Defendant
controlled email address: < 15145274@wcti.example.org > because one of the videos at
issue in this case, using the name of the Plaintiff, Mr. Craven Randall Casper, must have
had a proprietary ID Number: < 15145274 > (*See Illustration 3*).

84. On information and belief, the Defendants' created the ability to share via different email
accounts including: Google's GMAIL, YAHOO MAIL, Outlook Mail or other third party
mail service providers, which brings to the forefront the issue of cyber-risk(s), and the
Defendants' inadequate disclosure of those risk(s) to the United States Securities and

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*;
APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE
DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF
SERVICE; AND EXHIBITS A – K.**

Exchange Commission (SEC),[21] and further, to the consuming American public through what need to be adequate disclosures for investors and shareholders to make informed investment decisions, and not be deceived. The Plaintiff, Mr. Craven Randall Casper, has been in contact with the SEC, and has requested the issuance of a Wells Notice,[22] and sanctions to be imposed of no less than one million dollars ($1.0 million USD). *See Paragraph 49. See Paragraph 114.*



85.

---

[21] Source: < https://www.sec.gov >. The U.S. Securities and Exchange Commission (SEC) is an independent agency of the United States federal government.

[22] Source: < https://www.sec.gov/oiea/investor-alerts-bulletins/ib_investigations.html >.

[23] Source : < http://www.wcti12.com/news/police-man-defrauds-business-arrested-again_20160526044138224/15911618 >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

*CRAVEN RANDALLL CASPER v. SINCLAIR BROADCAST GROUP, INC., et al.* | Page 39 of 172

86. On information and belief, the Defendants' registered a "Platform Account". ABC WCTI 12 has a "**Share This**" feature. According to the following website: < https://www.sharethis.com >, "Customize, download and install our easy-to-use **share** buttons and other publishing tools for your website or blog. Grow your audience. Win the Internet!".

87. As a result of the Defendants' lax security features, information, videos and articles can be shared on no less than twenty-eight (28) public and/or private sites and Defendant controlled and the accounts of the public and private individuals around the world via Share This (*See Illustration 4*). *See Paragraph 84. See Paragraph 226.*

88. "Share This" also has an Application or App, and this is a computer program designed to run on a mobile device such as a phone, tablet, or watch. This allows for further public dissemination to potentially tens of millions of the consuming public.

**[remainder of page intentionally left blank]**

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**



89.

**Illustration 5:** **Screenshot of the Defendants' controlled LIVESTREAM for ABC WCTI 12. (red highlighting added).**

90. The Defendants' Share This account can be commented on by other individuals anywhere in the world, and photos can be added, losing the context of the original broadcast, not to mention the timestamp(s) or date(s).[25] There is a lack of clarity for viewers and readers. There is no sense of when the alleged crime(s) and false statement(s) occurred, and the

---

[24] Source: < http://www.wcti12.com/news/police-man-defrauds-business-arrested-again_20160526044138224/15911618 >.

[25] If any video footage, syndicated and/or written Articles have been removed from syndication and/or any Defendant controlled website or social media platform or any third-party online site that information was distributed, the Defendants must provide the date, time and IP address of each and every transaction for validation by an independent data forensic firm, including, but not limited to eDiscovery or performing forensic activity analysis.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

Plaintiff, Mr. Craven Randall Casper, is trapped in a perpetual criminal status by the Defendants' statements, photographs video(s) and audio recordings. In summary, there has been a continuous loop of publication and re-publication and linked to local news stories generated daily. *See Paragraph 11.*

91. The Defendant, **ABC WCTI 12**, has an Application or "APP" available in the APPLE store for IPhone and IPad devices: < https://itunes.apple.com/us/app/wcti-news-channel-12/id489853780?mt=8 >, which states; "this app is only available on the App Store for iOS devices" and contains the following Developer Description: "When you're on the go, take WCTI12.com with you! WCTI12.com, powered by News Channel 12, **Gets the Facts Righ**t on local news stories and Alerts You to Severe Weather Dangers in Eastern North Carolina. Get Doppler radar images, local news headlines, sports updates, video forecasts or even watch us live. It's < WCTI12.com > anytime, anywhere and it is designed specifically for viewing on your mobile device".[26] *See Paragraph 218.*

92. According to the website: < http://cunninghambroadcasting.com/contact-us/ >, "Cunningham Broadcasting Corporation is an independent television broadcast company that, together with its subsidiaries, owns and/or operates 17 television stations in sixteen markets across the United States. Cunningham, (formerly Glencairn, Ltd. prior to 2002)

---

[26] Source: < www.wcti12.com/ >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

is a Maryland corporation and is headquartered in Baltimore, Maryland," and the Defendants must clarify or explain the details of the partnership, or any exists, with Cunningham Broadcasting Company, as they may also need to be added as a Defendant. As of the date of this filing, the Plaintiff, Mr. Craven Randall Casper, has been unable to obtain from the Defendant(s) clarity on the organizational, business and/or legal structure of their multiple entities. *See Paragraph 19 and Paragraph 63.*

93. According to public information on the website : < www.wcti12.com/ >, the website states, in pertinent part: "WCTI: News Channel 12 – Local News for Eastern North Carolina" and "WCTI-WFXI-WYDO – '**Getting The Facts Right**' – Eastern North Carolina's source for local news and weather in Craven, Carteret, Onslow, Pitt, Lenoir, Beaufort, ...".

94. On information and belief, the Defendant, **Mr. Richard Reingold**, is currently the **Vice President and General Manage**r of **ABC WCTI 12**. On further information and belief, Mr. Richard Reingold was employed and/or received compensation between May, 2015, through May, 2016, according the Defendants' controlled public website: < http://www.wcti12.com/about >. Depositions are critically important in this case. *See Exhibit G.*

95. On further information and belief, the Defendant, Mr. Richard Reingold, had active and constructive knowledge of this *Original Complaint* prior to the date of this initial filing.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

96. On information and belief, the Defendant, **Mr. Eric Olson,** is currently the **News Director** for **ABC WCTI 12,** according the Defendants' controlled public website: < http://www.wcti12.com/about > (*See Exhibit G*).  Depositions are critically important in this case.

97. On further information and belief, the Defendant, Mr. Eric Olson was employed and/or received compensation, from the Defendant ABC WCTI 12, through the date of this filing.

98. On further information and belief, the Defendant, Mr. Richard Reingold, had active and constructive knowledge of this *Original Complaint* prior to the date of this initial filing.

99. On information and belief, the Defendant, **Ms. Jaime Mccutcheon**, now Mrs. Jaime Mccutcheon Otero is the **Acting News Director** for **ABC WCTI 12** (*See Exhibit G*).

100. On further information and belief, the Defendant, Mrs. Jaime Mccutcheon Otero, was employed and/or received compensation between May, 2015, through May, 2016, as the Assistant News Director according to the Defendants' controlled websites: <. http://www.wcti12.com/about > and < http://www.wcti12.com/meet-the-team/jaime-mccutcheon/8194976 > (*See Exhibit E*).  Depositions are critically important in this case.

101. On further information and belief, the Defendant, Mrs. Jaime Mccutcheon Otero, had active and constructive knowledge of this *Original Complaint* prior to the date of this initial filing.  *See Exhibit G.*

102. On information and belief, the Defendant, **Mr. Jason O. Boyd** is the **Website Manager**

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

and/or **Digital Media Manager** for **ABC WCTI 12** according to the Defendants' controlled website: < http://www.wcti12.com/meet-the-team/jason-o.-boyd/8194952 > and < http://www.wcti12.com/about > (*See Exhibit G*). Depositions are critically important in this case.

103. On further information and belief, the Defendant, Mr. Jason O. Boyd was employed and/or received compensation between May, 2015, through May, 2016, as the Website Manager and/or Digital Media Manager (*See Exhibit G*).

104. On further information and belief, the Defendant, Mr. Jason O. Boyd, had active and/or constructive knowledge of this *Original Complaint* prior to the date of this initial filing.

105. The Defendants' must release in their ANSWER the names, titles and contact information of the **ABC WCTI 12 News Anchors, Executive Editor**, **Producer**, **Camera Man**, **Photographer** and/or **Senior Editor of Investigations** from May, 2015 through the date of this filing. Depositions are critically important in this case. On further information and belief, these individuals may have had had active and constructive knowledge and/or collaborated with the Defendant, Mr. Kyle Horan, as detailed herein this *Original Complaint* prior to the date of this initial filing or collaborated on the allegations addressed herein. *See Exhibit F and Exhibit G.*

106. On information and belief, the News Anchors of broadcasts described herein were Mr. Wes Goforth, and further information can be found on the Defendants' controlled website:

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

< http://www.wcti12.com/meet-the-team/wes-goforth/8195132 >.   On the Defendants'
controlled public website, Mr. Wes Goforth's profile states in pertinent part: "Thanks for
joining me for News Channel 12 at 5, 6, and 11 each night and also for following us
Getting the Facts Right".   Mr. Goforth may need to be added as a Defendant.   At a
minimum, a deposition will be critical to the interest of Justice in this case.

107. On information and belief, the Defendant, **Mr. Kyle Horan** is a charlatan.  The Defendant,
Mr. Kyle Horan is probably a hack who makes up lies, while trolling the Plaintiff, Mr.
Craven Randall Casper. The Defendant, Mr. Kyle Horan, personally attacked the Plaintiff,
Mr. Craven Randall Casper.  There is a correlation of tactics and stories he reports on and
uses, and the Plaintiff, Mr. Craven Randall Casper, has investigated and created a portfolio
of like examples to support claims defined herein to be presented at a Trial by Jury and
could lead to other lawsuits and/or a future class action lawsuit(s), and will provide this
and all future *Motions* as templates for others to bring similar actions against the
Defendants.  This is a pattern to his targets, like the victim, the Plaintiff, Mr. Craven
Randall Casper. *See Exhibit H.*

108. As   of   October,   2017,   on   the   Defendants'   controlled   website:   <
http://www.wcti12.com/meet-the-team/kyle-horan/14862301   >,   Mr.   Kyle   Horan's
biography was publicly available (*See Exhibit H*).  Did the Defendant, Mr. Kyle Horan,
work for the Defendants in October, 2017, as reflected on their website and time-stamped

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*;
APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE
DEFENDANT, MR.  KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF
SERVICE; AND EXHIBITS A – K.**

in *Exhibit H* and certified by an independent forensic investigator hired by the Plaintiff, Mr. Craven Randall Casper?  Does the Defendant, Mr. Kyle Horan, continue to work for the Defendant(s) as of the date of this filing?  A plethora of critical, unanswered questions, which must be answered during the Discovery process, will be further detailed in additional Motions.

109. Further, on information and belief, the Defendant, Mr. Kyle Horan, was always eager to find victims < http://www.wcti12.com/meet-the-team/kyle-horan/14862301 > (October 17, 2017).  *See Exhibit H.*

110. On further information and belief, the Defendant, Mr. Kyle Horan, was employed and/or received compensation from the Defendants, at a minimum between May, 2015, through May, 2016, (*See Exhibit B*).  *See Paragraph 108.*[27]  *See Exhibit H.*

111. On further information and belief, Mr. Kyle Horan, had active and constructive knowledge of this *Original Complaint* prior to the date of this initial filing.

112. The Defendants' actions may directly violate their own Terms of Use, Privacy Policy and/or EEO Policy.  The Defendant(s) must release any and all Defendant(s) corporate and/or company written policies and procedures for publishing a story and fact-checking

---

[27] If the person who is alleged to have made the defamatory statement leaves the state of North Carolina before the lawsuit can be filed, the period of his or her absence will not be counted as part of the one-year time limit for filing the defamation suit, according to North Carolina General Statutes section 1-21.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

information and/or for videotaping, photographing, recording and/or audiotaping and all newsgathering and reporting techniques and any and all changes to those documents from May, 2015, through the date of the filing of this *Original Complaint*.

113. The Plaintiff, Mr. Craven Randall Casper, has been in direct contact with the Federal Communication Commission (FCC). *See Paragraph 49.*

114. The Defendants' actions may directly violate the Federal Communication Commission (FCC). *See Paragraph 49.*

## III.     JURISDICTION AND VENUE.

115. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-114* of the *Original Complaint*.

116. This Court has subject-matter jurisdiction over this action pursuant to Title 28, United States Code, Section 1331.

117. Venue is proper in this District under Title 28, United States Code, Section 1391(b) because the Defendant, Sinclair Broadcast Group, Inc., is a corporation headquartered in Maryland, but with a Registered Agent in North Carolina. *See Paragraph 58.*

118. In addition, venue is proper in this District under Title 28, United States Code, Section 1391(b) because Defendant's improper conduct alleged in this *Original Complaint* occurred in, was directed from, and/or emanated from this judicial district.

119. This action arises under the laws of the United States, specifically N.C. Gen. Stat. Ann. §

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

15A-287.

120. This Court has supplemental jurisdiction over the Plaintiff, Mr. Craven Randall Casper, related to state law claims under 28 U.S.C. § 1367(a).

121. This Court also has diversity jurisdiction pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states (*See Paragraphs 47, or Wherefore, 1-42, Page 150-156*).[28]

122. This Court has specific personal jurisdiction over Defendants because the Defendants have purposefully availed themselves of the privileges of conducting activities and doing business in the State of North Carolina and in this District, thus invoking the benefits and protections of North Carolina's laws.

---

[28]*See Erin Andrews v. Marriott International Inc.*, Case Number: BS141941, in the Superior Court of the State of California, County of Los Angeles; and *Erin Andrews v. Marriott International Inc. et al.*, Case Number: 11C4831, in the Circuit Court for Davidson County, Tennessee, March 7, 2016.

*See Beef Products, Inc.; Bpi Technology, Inc; and Freezing Machines, Inc.; v. American Broadcasting Companies, Inc., ABC News, Inc., Diane Sawyer, Jim Avila, David Kerley, Gerald Zirnstein, Carl Custer, And Kit Foshee*, Filed Case Number: Civ. No. 12-4183, United States District Court District Of South Dakota [Southern Division], *Original Complaint*: < https://consumermediallc.files.wordpress.com/2017/06/finalcomplaint1.pdf >.

See *Melania Trump v. Webster Griffin Tarpley, et al.* Case Number: 424492-**V**, in the Circuit Court of the State of Maryland, Montgomery County.

See *Melania Trump v. Mail Media, Inc., dba Mail Online, a Delaware Corporation, et al.* Case Number: Index 650661.2017, Filed NYSCEF: 02/06/2017 in the Supreme Court of the State of New York County of New York – Commercial Division.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

123. This Court also has personal jurisdiction over Defendants because their contacts with North Carolina have been continuous and systematic such that general jurisdiction may be asserted against each of them.

124. In addition, on information and belief, the Defendants advertise in, derive substantial revenue from advertising in, transacting business in, or offers for sale, sold, and/or distributed advertising, products, goods, services, advertising and/or commercial activities, including at least merchandise at issue in this action in this judicial District and throughout the United States.

125. Any change of venue, via a *Motion for Change of Venue*, would be viewed as an unnecessary delay tactic by the Defendants, but given their nature as a poor corporate citizen, any legal trick is likely (*See Paragraphs 48-50*). However, the Plaintiff, Mr. Craven Randall Casper, would not be opposed to a *Motion for Change of Venue*, if: (1) the new jurisdiction's State Laws were stronger than North Carolina, and (2) only if, prior, to the granting of a *Motion for Change of Venue*, a Federal Prosecutor of District Attorney[30] had agreed, in writing, to begin an active legal investigation and will proceed with criminal prosecution case(s) against the Defendants. There is reasonable cause to believe that the Defendants' violations of law may have occurred with criminal intent.

---

[30] Source: < https://www.justice.gov/usao/file/813026/download >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

126. Venue lies in this District pursuant to 28 U.S.C. § 1391(b) and (c) because entities or individuals are subject to personal jurisdiction in this District and/or a substantial part of the events giving rise to the Plaintiff, Mr. Craven Randall Casper's, claims have occurred and are continuing to occur in this District.

127. Venue is proper because Mr. Craven Randall Casper resides in the State of North Carolina.

128. The Plaintiff, Mr. Craven Randall Casper, was born in Nash County, North Carolina, and he is a North Carolina citizen. The Plaintiff, Mr. Craven Randall Casper, is also an alumni of the University of North Carolina at Chapel Hill (Orange County, North Carolina).

129. In summary, this Venue is proper for the filing of this *Original Complaint* and future Trial by Jury in the State of North Carolina.

**[remainder of page intentionally left blank]**

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

# IV. FACTUAL ALLEGATIONS.

## Common Questions of Law and Fact.

130. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-129* of the *Original Complaint*.

131. The Plaintiff, Mr. Craven Randall Casper, has suffered injuries as alleged in this *Original Complaint* because of the Defendant's misconduct as described herein, as will be detailed and reinforced during Discovery, and colorfully presented at a Trial by Jury in the State of North Carolina.

132. The prosecution of the Plaintiff, Mr. Craven Randall Casper's, claims will require the adjudication of numerous questions of law and fact.

133. The common questions include, but are not limited to:

    a. Whether the Defendants engaged in the wrongful conduct alleged herein;

    b. Whether the Defendants owed a duty to the Plaintiff, Mr. Craven Randall Casper, to not write, edit and/or broadcast and/or publish and/or syndicate and/or translate defamatory statement(s) to the minimum of a third-party and/or potentially millions of people around the world;

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.

c. Whether the Defendants breached their duties to protect the personal and/or sensitive information of the Plaintiff, Mr. Craven Randall Casper;

d. Whether the Plaintiff, Mr. Craven Randall Casper, suffered legally cognizable damages as a result of Defendants' conduct; and

e. Whether the Plaintiff, Mr. Craven Randall Casper, is entitled to equitable relief including injunctive relief.

**[remainder of page intentionally left blank]**

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

---

# THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S INTRODUCTION.

134. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-133* of the *Original Complaint*.

135. The Defendants' public slogan is "**Getting The Facts Right**" (Please see the attached). *See Paragraph 106.*

136. On May 28, 2015, at 06:48 PM EDT, the Defendant, ABC WCTI-12, first posted to the Internet on *their* controlled website < www.wcti12.com/ > and aired on television and re-aired on television a story entitled: "Police: Man Defrauds Business, Arrested Again".

137. The Defendants wrote and/or edited an article. The article was about the Plaintiff, Mr. Craven Randall Casper.

138. The Defendants then printed an Article, which was attributed to the Defendant, Mr. Kyle Horan. On information and belief, Mr. Kyle Horan participated in publishing the video and Article by, among other things, editing and changing the original headline of the Article and posting it to the United States-facing homepage of the Defendants' website.

139. The Defendants' publication of false and defamatory statement(s) was not privileged.

140. This lawsuit does not impose limits on free speech. Dishonesty is not protected by the First Amendment. Negligence is not protected by the First Amendment. Further, false, defamatory statement(s) are not a matter of public concern. If the Defendants had

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

conducted proper due diligence, research would have revealed the defamatory statement(s) to be false. Courts consider failure to conduct due diligence to be a form of negligence. Freedom of speech is not freedom from consequence. There are real world consequences for maliciously attacking an individual and/or business online with venom and lies. A Jury in the State of North Carolina will make a statement that publicly lying, shaming, and online bullying is unacceptable. Justice will be served in this case. The Plaintiff, Mr. Craven Randall Casper, is prepared for multi-year litigation, and the only enemy more dangerous than a man with unlimited resources is one with nothing to lose. And that is what you are looking at right here.

141. Further, these were not statements of opinion, and thus, are not protected by the First Amendment. *Blake v. Ann-Marie Giustibelli, P.A.*, 2016 BL 1940, Fla. Dist. Ct. App. 4th Dist., No. 4AD14-3231, 1/6/16).

142. That unprivileged, printed Article, replete with false statements, outright lies and salaciously inaccurate details were attacks on the Plaintiff, Mr. Craven Randall Casper's, reputation, which was intended to discourage members of the public from having a positive opinion of him. *See Paragraph 11.*

143. There is an action for libel before this Court. The unprivileged, printed Article, or otherwise, which exposes a person to distrust, hatred, contempt, ridicule or

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

obloquy or which causes such person to be avoided, or which tends to injure such person in [their] office, occupation, business or employment, is actionable as defamation. *See Paragraph 11.*

144. A *Cease and Desist* and *Legal Demand Notice Letter* was issued via certified U.S. mail with return receipts and emailed to the Defendants, by the Plaintiff, Mr. Craven Randall Casper, on May 21, 2015, at 2:36 PM EDT.

145. Ward and Smith, P.A. is a full-service North Carolina law firm with offices in Asheville, Greenville, New Bern, Raleigh, and Wilmington with more than 35 practice groups, and operates the following public website: < http://www.wardandsmith.com/locations/raleigh >. *See Exhibit A.*

146. On Friday, May, 22, 2015, Jennifer J. Loftin-Chavis, an employee of Ward and Smith, P.A., on behalf of the Defendant(s), contacted the Plaintiff, Mr. Craven Randall Casper, via email and attached a PDF letter from Mr. William Joseph Austin Jr., Esq., North Carolina Bar Number: 8158, with an office and Wake County, North Carolina, which had a physical, legal mailing address of:

> Ward and Smith, P.A.
> 5430 Wade Park Boulevard
> Wade II, Suite 400
> Raleigh, NC 27607

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

147. A week later, the Plaintiff, Mr. Craven Randall Casper, received the original signed letter in the mail, which was sent via the United States Postal Service (USPS). *See Exhibit B.*

148. Mr. William Joseph Austin Jr., Esq. stated he represented the Defendant, ABC WCTI Television, in May, 2015.[59]

149. Mr. William Joseph Austin Jr., Esq. copied on his letter two (2) individuals who the Plaintiff, Mr. Craven Randall Casper, has never spoken to including: Mr. Scott Nichols and Ms. Leslie S. Melvin and included an < ND: 4815-1805-1620, v.1 >.

150. The Defendants' undersigned third-party counsel, Ward and Smith, started an in-house case file < No: 860244-00061 >.

151. On information and belief, Ms. Leslie S. Melvin may be a Paralegal and/or was or is an employee of Ward and Smith, P.A., with a North Carolina Bar No.: CP02314. See < http://www.wardandsmith.com/paralegals/lesley-melvin >. *See Exhibit C.*

152. On information and belief, Mr. Scott Nichols, was an employee of the Defendant, ABC WCTI Television, in May, 2015 and potentially through May, 2016, and perhaps even through the date of the filing of this *Original Complaint.* According to the Defendants'

---

[59] If the Defendant(s) decide(s) to argue barebones procedural claim(s) or legal malpractice, then the Defendant(s) will have to address issues directly with their third-party counsel, in the event, an attorney or attorneys breached the duty by acting carelessly or by making a mistake. The Defendant(s) can pursue their own Malpractice Insurance claim(s).

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

controlled     public     website:     <     http://www.wcti12.com/meet-the-team/scott-nichols/8195204 >.[60]  *See Exhibit D.*

153.  There is a conflict of interest that exists between Ward and Smith, P.A. and the Plaintiff, Mr. Craven Randall Casper. *See North Carolina State Bar Rule 1.7.* However, the Defendant(s) explicitly stated all of the Plaintiff, Mr. Craven Randall Casper's, correspondence should be directed at their third-party counsel.

154.  The broadcast was re-aired and re-published a number of times after May, 2015, and it was imperative that the Defendants' disclose all broadcasts, stories, an Article(s) or any mention of the Plaintiff, Mr. Craven Randall Casper. Of course, other responsible news sites, that are direct competitors of the Defendants, that gather and compile the news rather, as a matter of policy and journalistic ethics, routinely vet the reliability of factual claims in their stories. As well documented by the Plaintiff, Mr. Craven Randall Casper, other responsible journalists in the same coverage area as the Defendants, repeatedly rejected the Defendant(s) statements(s) as false and refused to broadcast, write, or record lies, misrepresentations and half-truths, and testimony and evidence to that effect will be presented at the North Carolina Jury Trial. In summary, this should never have been

---

[60] Source: < http://www.wcti12.com/meet-the-team/scott-nichols/8195204 > and < https://www.linkedin.com/in/scott-nichols-01ba20108/ >. *See Exhibit D.*

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

*CRAVEN RANDALL CASPER v. SINCLAIR BROADCAST GROUP, INC., et al.*          | Page 58 of 171

written, edited, recorded, photographed and/or videotaped and should have been subjected to its high degree of editorial scrutiny.

155. The Defendants' publication of the defamatory claims reached millions of viewers and readers, and also foreseeably caused a chain-reaction of republication of the claims in many other news outlets, websites, blogs and social media, which reached millions and million more viewers and readers throughout the world. One other news organization(s) used the Defendants' multiple stories and an Article(s) and cited the Defendant(s) as their reference, further creating chaos and confusion. Over the course of 2015, the Plaintiff, Mr. Craven Randall Casper, despite direct, reasonable, and multiple communications with the Defendants, the Plaintiff, Mr. Craven Randall Casper, was not able to have the false statements removed from the Internet. *See Paragraph 140.*

156. Again, the Plaintiff, Mr. Craven Randall Casper, made multiple, reasonable attempts to seek a retraction and apology of any and all broadcasts, print, Online, and/or defamatory statements made or delivered to a third-party. Further, the Plaintiff, Mr. Craven Randall Casper, demanded to know any and all statement(s) that been written or spoken to any third-party of or concerning the Plaintiff, Mr. Craven Randall Casper.

157. The Defendants' publication of false and defamatory statement(s) was not privileged.


**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

158. Consciously ignoring the Plaintiff, Mr. Craven Randall Casper, the Defendant(s) acted with actual malice and/or gross negligence.[61] Thus, to satisfy the first part of the actual malice standard, the Plaintiff, Mr. Craven Randall Casper, has proven and can provide additional evidence to prove the Defendant knew the statement(s) were/was false but published it anyway. With the second standard being that the Defendant(s) acted with reckless disregard for the truth. Reckless disregard allows one to infer intent by the Defendant's disregard of objective evidence. The Plaintiff, Mr. Craven Randall Casper, can show many

---

[61] Not all libel Plaintiffs, like Mr. Craven Randall Casper, need to prove actual malice, although evidence of actual malice does exist in this case. The United States Constitution permits a private individual, such as the Plaintiff, Mr. Craven Randall Casper, to win a libel suit by merely showing the Defendant(s) acted negligently in publishing the defamatory statement(s). The public became confused, and took false statement(s) of fact, including any of the Defendant(s) opinion(s) that implied incorrect facts, as true, and taken literally since the Defendant(s) presented statement(s) as real news. Court will look at whether the Defendant(s) were presenting the stories as real news. If those stories purported to be factual, no matter how outrageous they were, they would be actionable, and the Defendants will not only be found guilty, but liable and the financial consequences will be severe.

The Defendant(s), purveyors of fake news, will be found guilty of libel, and the financial consequences will be severe. The Defendant(s) would be on the hook for different types of damages, including, but not limited to:

1. Special damages compensate the Plaintiff, Mr. Craven Randall Casper, for quantifiable financial harm. The special damages could include lost business:

2. General damages compensate for harm to the Plaintiff, Mr. Craven Randall Casper's, reputation;

3. Presumed or Punitive Damages; and

4. Litigation Cost(s) and Expense(s).

The final obstacle to suing purveyors of fake news for libel is the costs of bringing such suits. Those costs go beyond those of litigation. Suing for libel can harm the Plaintiff, Mr. Craven Randall Casper's, reputation by bringing the false charges to wider public attention. As this case and a future Trial by Jury drags on, the false allegations can be spread by the media for months, perhaps years.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

---

sources had debunked the story before its publication, or that the sources for the story were not trustworthy. Courts also look at the inherent improbability of the [defamatory] statement(s). *See Paragraph 140.*

159. Over the course of that year, the Plaintiff, Mr. Craven Randall Casper, had multiple conversations with the Defendant(s) attorney as mandated by the Defendants. If the Defendant(s) wanted an interview and/or statement from the Plaintiff, Mr. Craven Randall Casper, then that was the opportunity to contact the Plaintiff, Mr. Craven Randall Casper, a reasonable, private American citizen. *See Paragraph 140.*

160. Then, almost one (1) year later from initial contact, with all of this knowledge and through counsel, the Defendants consciously decided to ambush the Plaintiff, Mr. Craven Randall Casper, acting with actual malice and/or gross negligence. The Plaintiff, Mr. Craven Randall Casper, received a cellular telephone call on May 26, 2016.

161. The Defendants' ABC WCTI 12's Mr. Kyle Horan called the Plaintiff, Mr. Craven Randall Casper, at 202.999.8393 (*See* D.C. CODE § 23-542 and N.C. Gen. Stat. Ann. § 15A-287).

162. The Plaintiff, Mr. Craven Randall Casper, had a password protected Apple IPhone, which he used in interstate commerce and interstate communication. *See Paragraph 1.*

163. Area code (202) is the North American telephone area code for Washington, D.C. (*See* D.C. CODE § 23-542).

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

---

164. The District of Columbia is a federal district and the federal capital of the United States of America (*See* 18 U.S. Code § 2511).

165. This Court should apply the rule from the nearest real world analogue to the virtual world that a Hacker is like a burglar. There are federal, inter-state, Washington, D.C. and North Carolina common law, which address this.

166. In summary, if the Defendants had wanted an interview and/or a statement from the Plaintiff, Mr. Craven Randall Casper, he had been in communication with their attorney over the course of the previous year. He was never asked. Further, the Defendants were in possession of his mailing address and email address, and could have scheduled a conference call, interview and/or in-person meeting. *See Paragraph 159.*

167. Further, the Plaintiff, Mr. Craven Randall Casper was not given a fair opportunity to respond, provide an interview, and the recorded call was not scheduled for an interview.

168. In summary, the Plaintiff, Mr. Craven Randall Casper, was not presented an opportunity to provide a statement or sit-down interview or a public meeting. Further, the Defendant(s) did not seek nor did they ever obtain a Court Order to legalize their actions described herein. *See Paragraph 140, Paragraph 159, and Paragraph 166.*

169. In fact, the Plaintiff, Mr. Craven Randall Casper, over the course of the previous twelve (12) months had repeatedly said that statement(s) made about him by the Defendant(s) were false. *See Paragraph 140.*

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

170. With that knowledge, the Defendant(s) made a conscious decision to ambush the Plaintiff, Mr. Craven Randall Casper, by calling him, recording the call and videotaping the recorded call and live streaming it to untold millions. *See Paragraph 140, Paragraph 159, and Paragraph 166.*

171. When the Plaintiff, Mr. Craven Randall Casper, without any prior knowledge, answered the Defendants' unscheduled, secret cellular phone call, not knowing that this call was being videotaped and photographed, while simultaneously being recorded and more egregiously being LIVE STREAMED, since the Defendant, Mr. Kyle Horan was electronically amplifying the call via speakerphone as seen in Defendants' published photographs (*See Illustration 6- 11*).[62] The Plaintiff, Mr. Craven Randall Casper, was very polite, but he still wants to know any and all third-parties on that recorded and broadcast confidential call, which will come to light in the Discovery phase, including all third parties

---

[62] If the Defendant(s) lie or file false statements, the Plaintiff, Mr. Craven Randall Casper, will aggressively pursue every remedy available under federal and North Carolina common law, inclusive of filing a *Motion for Rule 11 Sanctions*. This Court has a responsibility to protect the consuming American public and the American legal system. Please see *Motion for Rule 11 Sanctions* (CM/ECF Docket Documents 30 and 33). *See UNITED STATES OF AMERICA v. MICHAEL T. FLYNN*, United States District Court for the District of Columbia, *Case No.: 1-17-cr-00232*, Violation 18 U.S.C. § 1001 (False Statements), November 30, 2017, [https://www.justice.gov/file/1015126/download]. *See UNITED STATES OF AMERICA v. GEORGE PAPADOPOULOS*, United States District Court for the District of Columbia, *Case No.: 1-17-cr-00182*, Violation 18 U.S.C. § 1001 (False Statements), October 05, 2017, [https://www.justice.gov/file/1007346/download]. Also, *See UNITED STATES OF AMERICA v. ALEX VAN DER ZWAAN*, United States District Court for the District of Columbia, *Case No.:* 1:18-cr-00031-ABJ, Violation 18 U.S.C. § 1001 (False Statements), February 02, 2018, [https://www.justice.gov/file/1036406/download].

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

*CRAVEN RANDALL CASPER v. SINCLAIR BROADCAST GROUP, INC., et al.*

who could have been covertly eavesdropping (i.e. videographer). Why would the Plaintiff, Mr. Craven Randall Casper, ever think he was on live television and being videotaped? At the time, the Plaintiff, Mr. Craven Randall Casper, was at his residence, and there was a reasonable expectation of privacy. At no time did the Plaintiff, Mr. Craven Randall Casper, consent or in any way explicitly consent to being recorded, videotaped and/or photographed, placed on speakerphone, or LIVE STREAMED (i.e. subject to electronic or optical intrusion). Further, the Plaintiff, Mr. Craven Randall Casper, had no opportunity for rebuttal. *See Paragraph 38.* Accordingly, it is critical that journalists know the statutes that apply and what their rights and responsibilities are when recording and disclosing communications. And regardless of whether a state has a criminal law regarding cameras, undercover recording in a private place can prompt civil lawsuits for False Light, Invasion of Privacy, and other COUNTS as described herein.

172. In summary, the Defendants' ABC WCTI 12's Mr. Kyle Horan did not indicate the Plaintiff, Mr. Craven Randall Casper, was on live television or this was photographed and/or videoed, and he did not disclose the conversation was recorded and/or taped while on speakerphone.

173. The Defendants' ABC WCTI 12's Mr. Kyle Horan did not use the term or words "on the record" to mean that anything in a communication may be publicly disclosed, must less was being photographed and/or videotaped (*See* N.C. Gen. Stat. Ann. § 15A-287).

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

174. The Court and an eventual Jury in the State of North Carolina will need to evaluate the Defendants' ABC WCT 12's Mr. Kyle Horan' expression in the video and/or photographs, which are incorporated herein for reference by the Court.

175. On information and belief, the Defendants' ABC WCT 12's Mr. Kyle Horan was acting secretly.

176. On information and belief, the Defendants' ABC WCT 12's Mr. Kyle Horan seems happy.

177. On information and belief, the Defendants' ABC WCT 12's Mr. Kyle Horan seems giddy. *See Paragraph 214 and Paragraph 215.*

178. The Defendants' ABC WCT 12's Mr. Kyle Horan is, in fact, snickering. *See Exhibit E.*

179. That smirk on the Defendants' ABC WCT 12's Mr. Kyle Horan's face says it all, and a Jury will have an opportunity to review that at Trial.

180. The Defendants' had a blatant disregard for how the public would perceive the jocular manor of the Defendants' ABC WCTI 12's, Mr. Kyle Horan, which is negligence.

181. This is not normal, professional behavior. This is a pattern of behavior, which at the least, is unacceptable, but, in actuality, is malicious and grossly negligent.

182. The Defendants' ABC WCT 12's Mr. Kyle Horan seems happy to entrap the Plaintiff, Mr. Craven Randall Casper.

183. The Plaintiff, Mr. Craven Randall Casper, at the time felt ambushed, and to this day he still feels ambushed.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

---

184. This was then posted to the Internet, where it went viral. Mr. Kyle Horan set up, and entrapped the Plaintiff, Mr. Craven Randall Casper.

185. The Defendants' ABC WCTI 12's Mr. Kyle Horan could have and still could put The Plaintiff, Mr. Craven Randall Casper's, life in danger. The Defendants committed a variety of torts through its use of surreptitious newsgathering techniques and engaged in socially harmful behavior, and this lawsuit has been filed so such behavior can finally be stopped by this Court.

186. It is not an admission of guilt when a private, American individual answers his personal cellular phone, in a private place, where he reasonably expected privacy, yet he was blindsided by someone like the Defendants' ABC WCTI 12's, Mr. Kyle Horan.

187. Again, consciously ignoring the Plaintiff, Mr. Craven Randall Casper, the Defendant(s) acted with actual malice and/or gross negligence.[63] *See Paragraph 140, Paragraph 159, and Paragraph 166.*

---

[63] Not all libel Plaintiffs, like Mr. Craven Randall Casper, need to prove actual malice, although evidence of actual malice does exist in this case. The United States Constitution permits a private individual, such as the Plaintiff, Mr. Craven Randall Casper, to win a libel suit by merely showing the Defendant(s) acted negligently in publishing the defamatory statement(s). The public became confused, and took false statement(s) of fact, including any of the Defendant(s) opinion(s) that implied incorrect facts, as true, and taken literally since the Defendant(s) presented statement(s) as real news. Court will look at whether the Defendant(s) were presenting the stories as real news. If those stories purported to be factual, no matter how outrageous they were, they would be actionable, and the Defendants will not only be found guilty, but liable and the financial consequences will be severe.

The Defendant(s), purveyors of fake news, will be found guilty of libel, and the financial consequences will be severe. Further, the Defendant(s) would be on the hook for different types of damages, including, but not limited to:

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

*CRAVEN RANDALL CASPER v. SINCLAIR BROADCAST GROUP, INC., et al.*

188. Without the consent of at least one party to the communication, it is a felony to willfully intercept, endeavor to intercept, or get any other person to intercept any wire, oral, or electronic communication or to use any device, which transmits by radio, wire, or cable, to do so. N.C. Gen. STAT. § 15a-287(a)(1), and any and all other applicable federal and North Carolina common law.

189. In interpreting the meaning of "consent," an appellate court determined that implied consent to interception occurs when one party is warned of monitoring and yet continues with the conversation. North Carolina v. Price, 170 N.C. App. 57 (N.C. App. 2005).

190. It is also illegal to willfully disclose or use the contents of any wire, oral, or electronic communication, knowing that the information was obtained unlawfully. N.C. Gen. STAT. § 15A-287(A)((3) (4).

---

1. Special damages compensate the Plaintiff, Mr. Craven Randall Casper, for quantifiable financial harm. The special damages could include lost business;

2. General damages compensate for harm to the Plaintiff, Mr. Craven Randall Casper's, reputation;

3. Presumed or Punitive Damages; and

4. Litigation Cost(s) and Expense(s).

The final obstacle to suing purveyors of fake news for libel is the costs of bringing such suits. Those costs go beyond those of litigation. Suing for libel can harm the Plaintiff, Mr. Craven Randall Casper's, reputation by bringing the false charges to wider public attention. As this case and a future Trial by Jury drags on, the false allegations can be spread by the media for months, perhaps years.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

191. The United States federal law should pre-empt the state statutes, because the unauthorized cellular telephone call crossed state lines, placing it under federal jurisdiction, and LIVE STREAMED on television, Online, and re-aired on Television.

192. The Wiretap Act, codified by 18 U.S. Code § 2511, is a federal law aimed at protecting privacy in communications with other persons.

193. For the Court, please see the attached true screenshots of the Defendant Mr. Kyle Horan, which were published by the Defendants' and are still viewable today on the link(s) referenced herein (*See* Paragraphs below, *Illustrations 6-9*). *See Exhibit E.*

**[remainder of page intentionally left blank]**

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**



194.

**Illustration 6: TRUE Screenshot of the Defendants' controlled LIVESTREAM for ABC WCTI 12. (red highlighting added).** The Defendants' controlled public Internet link is: <http://www.wcti12.com/news/police-man-defrauds-business-arrested-again_20160526044138224/15911618 >.

195. The photographs, video, story, an Article(s), and live stream were attributed to the Defendants', Mr. Kyle Horan and ABC WCTI 12. *See Exhibit E.*

**[remainder of page intentionally left blank]**

---

[66] Source: < **http://www.wcti12.com/news/police-man-defrauds-business-arrested-again_20160526044138224/15911618** >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

*CRAVEN RANDALLL CASPER v. SINCLAIR BROADCAST GROUP, INC., et al.* | Page 69 of 172



196.

*Illustration 7:* **TRUE Screenshot of the Defendants' controlled LIVESTREAM for**

**ABC WCTI 12. (red highlighting added).** The Defendants' controlled public Internet

link is: < **http://www.wcti12.com/news/police-man-defrauds-business-arrested-**

**again_20160526044138224/15911618** >.

[remainder of page intentionally left blank]

---

[67] Source: < **http://www.wcti12.com/news/police-man-defrauds-business-arrested-**
**again_20160526044138224/15911618** >.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*;**
**APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE**
**DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF**
**SERVICE; AND EXHIBITS A – K.**



***Illustration 8:*** **TRUE Screenshot of the Defendants' controlled LIVESTREAM for ABC WCTI 12. (red highlighting added).** The Defendants' controlled public Internet link is: < **http://www.wcti12.com/news/police-man-defrauds-business-arrested-again_20160526044138224/15911618 >.** *See Exhibit E.*

198. The Plaintiff, Mr. Craven Randall Casper's, name appears, in textual form, no less than two (2) times during each broadcast(s) and or Online views, reaching millions of the consuming public, while the Defendant, Mr. Kyle Horan, appears in videos, photographs and on LIVE STREAM on speakerphone.

**[remainder of page intentionally left blank]**

---

[68] Source: < **http://www.wcti12.com/news/police-man-defrauds-business-arrested-again_20160526044138224/15911618 >.**

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

*CRAVEN RANDALLL CASPER v. SINCLAIR BROADCAST GROUP, INC., et al.* | Page 71 of 172

199. Again, appalled after this ambush, the Plaintiff, Mr. Craven Randall Casper, issued a *Cease and Desist* and *Legal Demand Notice Letter* was issued via certified U.S. mail with return receipts and emails to the Defendants, were personally sent by the Plaintiff, Mr. Craven Randall Casper. If the Defendants really wanted to speak to the Plaintiff, Mr. Craven Randall Casper, this was an appropriate opportunity to respond or contact him. *See Paragraph 140, Paragraph 159, and Paragraph 166.*

200. Neither the Defendant(s) nor their third-party counsel responded.

201. The Defendants continued harassing the Plaintiff, Mr. Craven Randall Casper, by writing, editing and publishing a new or revised story Online, potentially seen by millions. *See Paragraph 140, Paragraph 159, and Paragraph 166.*

202. This behavior is irreprehensible. The Defendant(s) owed a duty to report correct information, and had information from the Plaintiff, Mr. Craven Randall Casper, and they were aware of false statements. *See Paragraph 140, Paragraph 159, and Paragraph 166.*

203. The Defendants' multi-year disinformation campaign against the Plaintiff, Mr. Craven Randall Casper, was not the product of merely negligent reporting; it was based on knowing and/or reckless misstatements of facts. The Defendant(s) should be sure that any negative statements they make about a specific individual or business are accurate, or are clearly identified as an opinion. When the Defendants were informed multiple times by the victim, in this case, the Plaintiff, Mr. Craven Randall Casper, either directly or through

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

their undersigned counsel and/or both, and yet, the Defendants' still fail to right wrongs, which is not only unacceptable, it is negligent. Today, there are many potential targets in the Plaintiff, Mr. craven Randall Casper's, crosshair. Anyone who creates defamatory lies can be sued, as can anyone who repeats these lies as may come to light during Discovery and presented in a future *AMENDED COMPLAINT*.

204. This new Article also contained false, defamatory statements of or concerning the Plaintiff, Mr. Craven Randall Casper, which the Defendants published with actual malice once again.[69]  Again, as previously stated, to satisfy the first part of the actual malice standard, the Plaintiff, Mr. Craven Randall Casper, has proven and can provide additional evidence to prove the Defendant knew the statement(s) were/was false but published it

---

[69] *See Beef Products, Inc.; Bpi Technology, Inc; and Freezing Machines, Inc.; v. American Broadcasting Companies, Inc., ABC News, Inc., Diane Sawyer, Jim Avila, David Kerley, Gerald Zirnstein, Carl Custer, And Kit Foshee*, Filed Case Number: Civ. No. 12-4183, United States District Court District Of South Dakota [Southern Division], *Original Complaint*: < https://consumermediallc.files.wordpress.com/2017/06/finalcomplaint1.pdf >.

For additional Legal Doctrine, please see:

[69]*See Erin Andrews v. Marriott International Inc.*, Case Number: BS141941, in the Superior Court of the State of California, County of Los Angeles; and *Erin Andrews v. Marriott International Inc. et al.*, Case Number: 11C4831, in the Circuit Court for Davidson County, Tennessee, March 7, 2016.

See *Melania Trump v. Webster Griffin Tarpley, et al.* Case Number: 424492-**V**, in the Circuit Court of the State of Maryland, Montgomery County.

See *Melania Trump v. Mail Media, Inc., dba Mail Online, a Delaware Corporation, et al.* Case Number: Index 650661.2017, Filed NYSCEF: 02/06/2017 in the Supreme Court of the State of New York County of New York – Commercial Division.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

*CRAVEN RANDALL CASPER v. SINCLAIR BROADCAST GROUP, INC., et al.* | Page 73 of 171

anyway. With the second standard being that the Defendant(s) acted with reckless disregard for the truth. Reckless disregard allows one to infer intent by the Defendant's disregard of objective evidence. The Plaintiff, Mr. Craven Randall Casper, can show many sources had debunked the story before its publication, or that the sources for the story were not trustworthy. Courts also look at the inherent improbability of the [defamatory] statement(s).

205. Implies the seriousness of charges and people are watching and may interpret casual demeanor as an admission of guilt.

206. The Defendants', ABC WCTI 12's, Mr. Kyle Horan, did take this seriously, understating the effects of others' perception of the Plaintiff, Mr. Craven Randall Casper, as a businessman.

207. The Defendants', ABC WCTI 12's, Mr. Kyle Horan made up a story people wanted to see and/or hear and/or that he believed people wanted to see and/or hear.

208. The Defendant, ABC WCTI 12's, Mr. Kyle Horan's *Yellow Journalism*, or the *Yellow Press*, is a United States term for a type of journalism that presents little or no legitimate well-researched news and instead uses eye-catching headlines to sell more newspapers. Techniques may include exaggerations of news events, scandal-mongering or sensationalism.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

---

209. The Defendants' must release to this Court information regarding who photographed this recorded this interstate cellular phone call.

210. The Defendants' must release to this Court information regarding who videotaped this recorded interstate cellular phone call.

211. The Defendants' must release to this Court information regarding the location of the vehicle of the recorded interstate cellular phone call.

212. Forensic analysts and investigators will be able to present evidence at a Trial by Jury, where experts will be able to testify to cellular phone forensics, commonly used in Court, using the call data, application (APP) data, messages, and information from other apps to provide geographical data, conversations among the Defendant(s), and third-parties, and provide an accurate timeline that will support the Plaintiff, Mr. Craven Randall Casper's, claims herein.

**[remainder of page intentionally left blank]**

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**



213.

**Illustration 9:  TRUE Screenshot of the Defendants' controlled LIVESTREAM for ABC WCTI 12. (red highlighting added).**  The Defendants' controlled public Internet link is:  < **http://www.wcti12.com/news/police-man-defrauds-business-arrested-again_20160526044138224/15911618 >.**

**[remainder of page intentionally left blank]**

---

[70] Source: < **http://www.wcti12.com/news/police-man-defrauds-business-arrested-again_20160526044138224/15911618 >.**

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

*CRAVEN RANDALLL CASPER v. SINCLAIR BROADCAST GROUP, INC., et al.*          | Page 76 of 172

214.



*Illustration 10:* **TRUE Screenshot of the Defendants' controlled LIVESTREAM for ABC WCTI 12. (red highlighting added).** The Defendants' controlled public Internet link is: < **http://www.wcti12.com/news/police-man-defrauds-business-arrested-again_20160526044138224/15911618** >.

215. In this screenshots above (*Illustrations 6-10*) it is as if the Defendants' ABC WCT 12's Mr. Kyle Horan is, in fact, mocking the Plaintiff, Mr. Craven Randall Casper, while on an unauthorized LIVE STREAM videotaped, speaker-phone, recorded interstate cellular telephone call (*See Paragraph 214, Illustration 10*). See Paragraph 171 and Paragraph 177.

---

[71] Source: < **http://www.wcti12.com/news/police-man-defrauds-business-arrested-again_20160526044138224/15911618** >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

*CRAVEN RANDALLL CASPER v. SINCLAIR BROADCAST GROUP, INC., et al.* | Page 77 of 172

216. The entrapment made The Plaintiff, Mr. Craven Randall Casper look like a criminal on television, on *their* website, the Internet and other social media platforms, and was then published to various mediums, continuing to violate Journalism ethics and standards, perhaps also in direct violation of cyberstalking laws and/or intrusion and/or *Libel per se*.

217. The statements tending to harm a person's occupational or professional reputation are another common basis for libel suits. Allegations of incompetence, unethical behavior, lack of integrity or occupational crime are all actionable in North Carolina.

218. So, with new Cease and Desist letters in hand, the negative campaign against the Plaintiff, Mr. Craven Randall Casper, continued. The Defendants(s) benefited from increased viewership and an increase in national advertising revenue. On information and belief, in an effort to seek ratings and pushing out information to the consuming public that is not accurate and rushing to judgment is apparently a common practice of the Defendant(s).[72] The things the Defendant(s) say and do as statement(s) of fact have real consequences. The Defendants are not getting the facts right. *See Paragraph 106 and Paragraph 135.* This is biased programming, with liberal, one-sided news stories and unfiltered partisan views as

---

[72] Source: < https://www.nytimes.com/2018/04/02/business/media/sinclair-news-anchors-script.html >. < https://www.nytimes.com/2018/04/09/opinion/sinclair-media.html >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

*CRAVEN RANDALL CASPER v. SINCLAIR BROADCAST GROUP, INC., et al.* | Page 78 of 171

statements of fact(s), in favor of the liberal establishment's agenda, spreading #FAKENEWS.

219. The Plaintiff, Mr. Craven Randall Casper, is an injured party. This has cost him, including, but not limited to, time, loss of income and resources. This was intentional infliction of emotional distress as fully set forth herein. *See Paragraph 1.*

220. Then, On May 26, 2016, at 12:41 AM EDT, WCTI posted to the Internet on the website < www.wcti12.com/ > and aired on television and re-aired on television a story entitled: "Police: Man Defrauds Business, Arrested Again". The Defendants' ABC WCTI 12 written story was posted online and publicly distributed via Defendant controlled website(s); accounts and via social media platforms.

221. The Defendant(s) wrote and/or edited an Article. The Article was about the Plaintiff, Mr. Craven Randall Casper.

222. The Defendant(s) printed the Article.

223. This new Defendants' ABC WCTI 12 defamatory statement(s) or stories were, and as of the date of this filing, still are attributed to the Defendant, Mr. Kyle Horan, ABC WCTI 12. This version contains no date, and is currently publicly Online as of the date of this filing. *See Paragraph 11 and Paragraph 90.*

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

224. On information and belief, the Defendant, Mr. Kyle Horan was or is an employee, contributor and/or was compensated by ABC WCTI 12 in May, 2015, and May, 2016, and on information and belief, perhaps, even through the date of this filing.[73]

225. One (1) of the Defendants' public Internet links at issue in this case is: < **http://www.wcti12.com/news/police-man-defrauds-business-arrested-again_20160526044138224/15911618** >. Discovery is of critical importance in this lawsuit to obtain and investigate all Defendant Internet links involving the Plaintiff, Mr. Craven Randall Casper.

226. The Defendants' link can be liked and shared, at a minimum, via Facebook, Twitter and/or email. *See Paragraph 77 and Paragraph 87.*

227. The Defendants' publication of false and defamatory statement(s) was not privileged.

228. Dishonesty is not protected by the First Amendment. Negligence is not protected by the First Amendment. If the Defendants had conducted proper due diligence, research would have revealed the defamatory statement(s) to be false. Courts consider failure to conduct due diligence to be a form of negligence.

---

[73] If the person who is alleged to have made the defamatory statement leaves the state of North Carolina before the lawsuit can be filed, the period of his or her absence will not be counted as part of the one-year time limit for filing the defamation suit, according to North Carolina General Statutes section 1-21.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

*CRAVEN RANDALL CASPER v. SINCLAIR BROADCAST GROUP, INC., et al.*            | Page 80 of 171

229. Further, these were not statements of opinion, and thus, are not protected by the First Amendment. *Blake v. Ann-Marie Giustibelli, P.A.*, 2016 BL 1940, Fla. Dist. Ct. App. 4th Dist., No. 4AD14-3231, 1/6/16).

230. That new, unprivileged, printed Article, replete with false statements, outright lies and salaciously inaccurate details were attacks on the Plaintiff, Mr. Craven Randall Casper's, reputation, which was intended to discourage members of the public from having a positive opinion of him, while the Defendants' continued to gain a tremendous economic benefit. *See Paragraph 7.*

231. Then, the Plaintiff, Mr. Craven Randall Casper, personally issued legal Demand Notices to the Defendants via email and certified mail with United States Postal Service (USPS) priority mail return receipts.[74]

232. The Plaintiff, Mr. Craven Randall Casper, demanded information from the Defendants, including, but not limited to, the defamatory statements in that Article; how it was delivered to a third-party in Chapel Hill, North Carolina; and how many copies had been distributed to other individuals, in print and/or online; and the source(s).

---

[74] The United States Postal Service (USPS) is an independent agency of the United States federal government responsible for providing postal service in the United States, including its insular areas and associated states. It is one of the few government agencies explicitly authorized by the United States Constitution.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

233. The Plaintiff, Mr. Craven Randall Casper, sought a retraction and apology of any and all print, Online, and/or defamatory statements made or delivered to a third-party, including a third-party in Chapel Hill, North Carolina. Further, the Plaintiff, Mr. Craven Randall Casper, demanded to know any and all statement(s) that been written or spoken to any third-party of or concerning the Plaintiff, Mr. Craven Randall Casper.

234. Consciously ignoring the Plaintiff, Mr. Craven Randall Casper, the Defendants acted with actual malice and/or gross negligence. *See Paragraph 9.*

235. There is an action for libel before this Court. The unprivileged, printed Article, or otherwise, which exposes a person to distrust, hatred, contempt, ridicule or obloquy or which causes such person to be avoided, or which tends to injure such person in [their] office, occupation, business or employment, is actionable as defamation. *See Paragraph 293.*

236. The injurious character of the defamatory statement(s) is self-evident, and therefore, constitutes defamation *per se. See Paragraph 140, Paragraph 159, and Paragraph 166.*

237. Then, on information and belief, in May, 2017, the Defendants printed and published statements online regarding the Plaintiff, Mr. Craven Randall Casper. Again, the Defendants made a false statement of fact.

238. The Defendants' ABC WCTI 12's Mr. Kyle Horan did multiple negative stories on the Plaintiff, Mr. Craven Randall Casper, as if creating a negative story for stories sake in

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S,** *ORIGINAL COMPLAINT;* **APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

violation the Society of Professional Journalists ("SPJ") Code of Ethics, probably in an attempt to receive an Emmy nomination, when in reality, when professional journalistic accountability is weakened, this is nothing more than the soft bigotry of low expectations, not worth of an Emmy nomination  Thus, on information and belief, the Defendant, Mr. Kyle Horan, was motivated by greed.  It seems that The Defendants' ABC WCTI 12's Mr. Kyle Horan may be infatuated, obsessed and/or intentionally harassing the Plaintiff, Mr. Craven Randall Casper.  This also may constitute additional criminal harassment charges. This was after the Plaintiff, Mr. Craven Randall Casper, had already issued multiple notices to stop and *Cease and Desist* (Please see the attached from May 21, 2015), through the most recent legal notice issued by Mr. Craven Randall Casper on Monday, September 25, 2017.

239.  In airing repeatedly, publishing in print, revising titles, re-airing, republication and/or continuing to allow on the Defendants' controlled social media platforms, where it can be continuously liked, shared, commented, re-posted, the statements about the Plaintiff, Mr. Craven Randall Casper, failed to live up to any of these important ethical principles of journalism.[75]

---

[75] The SPJ Code of Ethics states that it is "not a set of rules" or "legally enforceable" but rather a "statement of abiding principles supported by additional explanations and position papers (at spj.org) that address changing journalistic practices" and should be used as "a guide that encourages all who engage in journalism to take responsibility for the information they provide, regardless of medium."

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR.  KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

240. The Defendants' conduct violated professional standards of journalism ethics as exemplified by the Society of Professional Journalists ("SPJ") Code of Ethics. The SPJ Code of Ethics provides, in pertinent part:

   a. "An ethical journalist acts with integrity."

   b. "Ethical journalism should be accurate and fair."

   c. "Journalists should be honest … in gathering, reporting and interpreting information."

   d. "Journalists should … Verify information before releasing it."

   e. "Journalists should … Use original sources whenever possible."

   f. "Ethical journalism treats … subjects … as human beings deserving of respect".

   g. "Journalists should … Balance the public's need for information against potential harm or discomfort."

   h. "Journalist should … Show compassion for those who may be affected by news coverage."

   i. "Journalist should …. Avoid pandering to lurid curiosity…"

   j. "Journalist should … Consider the long-term implications of the extended reach and permanence of publication".

   k. "Journalist should ⋯. Abide by the same high standards they expect of others."

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

---

241. In addition to violations of the SPJ Code of Ethics, as previously stated by the Plaintiff, Mr. Craven Randall Casper, in many ignored legal Demand Notices to the Defendant(s), criminal penalties, that the Defendant, Mr. Kyle Horan could face include, but are not limited to, Class H felony offenses under N.C. Gen. Stat. Ann. § 15A-287.[76] There are several other individuals who could face criminal charges as well. *See Paragraph 21.*

242. Today, the Plaintiff, Mr. Craven Randall Casper, in Orange County, North Carolina, enjoins multiple Defendants to recover actual damages, $100 per day for each day of violation, which is now in excess of 1,065 days, or no less than **$106,500** USD as well as to recover punitive damages, attorney's fees, treble damages and court costs under N.C. If this does to Trial, the Plaintiff, Mr. Craven Randall Casper, will seek treble damages. Gen. Stat. Ann. § 15A-296. the Plaintiff, Mr. Craven Randall Casper, will seek any and all additional damages a North Carolina Court deems just and proper. The Plaintiff, Mr. Craven Randall Casper, also demands Trial by Jury in the State of North Carolina.

243. In summary, the Defendants' publication of false and defamatory statement(s) was not privileged.

**[remainder of page intentionally left blank]**

---

[76] If the person who is alleged to have made the defamatory statement leaves the state of North Carolina before the lawsuit can be filed, the period of his or her absence will not be counted as part of the one-year time limit for filing the defamation suit, according to North Carolina General Statutes section 1-21.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

244. In summary, the Defendants' conduct in publishing false and defamatory statements was wrongful and tortious conduct. The statement(s) were false and defamatory, and said negligently, recklessly, or knowingly.

245. Again, the Plaintiff, Mr. Craven Randall Casper, personally issued legal Demand Notices to the Defendants via certified mail with United States Postal Service (USPS) priority mail return receipts.[77]

246. On October 30, 2017, the Defendant, SINCLAIR, responded for the first time via in-house legal Counsel, Mr. William C. Bell, Esq.[78] *See Exhibit I.*

247. On November 20, 2017, ABC Inc. responded for the first time via a certified, signed letter from the Deputy Chief Counsel Mr. John W. Zucker, Esq. *See Exhibit J.*

[remainder of page intentionally left blank]

---

[77] The United States Postal Service (USPS) is an independent agency of the United States federal government responsible for providing postal service in the United States, including its insular areas and associated states. It is one of the few government agencies explicitly authorized by the United States Constitution.

[78] If the Defendant(s) decide(s) to argue barebones procedural claim(s) or legal malpractice, then the Defendant(s) will have to address issues directly with their third-party counsel, in the event, an attorney or attorneys breached the duty by acting carelessly or by making a mistake. The Defendant(s) can pursue their own Malpractice Insurance claim(s).

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

# THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S,

# REAL PERSONAL AND ECONOMIC EFFECTS

# PAST. PRESENT. FUTURE.

248.  The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-247* of the *Original Complaint*.

249.  The Plaintiff, Mr. Craven Randall Casper, is involved in many business ventures involving the licensing of his name and likeness, and relying upon his valuable reputation and his actual and prospective economic relationships. As a result of the Defendants' conduct, the Plaintiff, Mr. Craven Randall Casper, has been damaged in an amount to be proven at a Trial by Jury in the State of North Carolina.

250.  It is important in the interest of justice and for an accurate damage calculation, that this Court, and a future Trial by Jury in the State of North Carolina understands the personal impact and the economic impact on the Plaintiff, Mr. Craven Randall Casper, by understanding the connections of the organizational framework of the Past, Present and the Future.

# I. Personal Impact on the Plaintiff, Mr. Craven Randall Casper. The Past. The Present. The Future.

## A. The Past.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

251. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-250* of the *Original Complaint*.

252. What do the Defendants' actions personally mean for the Plaintiff, Mr. Craven Randall Casper? The Plaintiff, Mr. Craven Randall Casper's, personal reputation and personal brand has been destroyed. Today, this is an action by the Plaintiff, Mr. Craven Randall Casper, a private, American citizen, against the Defendants, seeking redress for the personal harm to him, to his personal brand, for the commercial harm done to him, his commercial brand, and his business opportunities as the result of several false, salacious and/or highly offensive statements about him published by and/or on behalf of the Defendant(s).

253. The Plaintiff, Mr. Craven Randall Casper, is involved in many business ventures involving the licensing of his name and likeness, and relying upon his valuable reputation and his actual and prospective economic relationships, including a federal registered Trademark, USPTO SERIAL NUMBER: 85-872,265 / USPTO REG. NUMBER: 4,418,324. As a result of the Defendants' conduct, the Plaintiff, Mr. Craven Randall Casper, has been damaged in an amount to be proven at a Trial by Jury in the State of North Carolina. A federal Trademark was awarded on October 15, 2013, by the United States Patent and Trademark Office (USPTO) for "RANDY CANDY" to the Plaintiff, Mr. Craven Randall Casper, which is public record. Registration is "*prima facie* evidence of the validity of

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

the registered Trademark." 15 U.S.C. § 1115(a); *Quabaug Rubber Co. v. Fabiano Shoe Co.*, 567 F.2d 154, 161 n.12 (1st Cir. 1977) (explaining that "registration is *prima facie* evidence that the . . . Trademark is distinctive *per se*"). The holder of a federal registered Trademark is entitled to a presumption that its Trademark (i.e. "RANDY CANDY") is *distinctive*, *i.e.*, strong. *See* 15 U.S.C. § 1115(a); *Borinquen*, 443 F.3d at 120. If the federal registered Trademark has become incontestable through the owner's compliance with the applicable statutory formalities, as is the case here, the presumption is conclusive. *See* 15 U.S.C. § 1115(b); *Borinquen*, 443 F.3d at 115. In further accordance with Sections 7(b), 22, and 33(a) of the Lanham Act, Plaintiff, Mr. Craven Randall Casper's, "RANDY CANDY" registrations constitute *prima facie* evidence of the validity of the federal registered Trademarks, the Plaintiff, Mr. Craven Randall Casper's, ownership of the Trademark shown in said registration, and the Plaintiff, Mr. Craven Randall Casper's, *exclusive* right to use the Trademark "RANDY CANDY" in interstate commerce in connection with the goods, services, products, business, advertising and/or commercial activities named therein, without condition or limitation (*see Exhibits A-D*). Since 2013, Plaintiff, Mr. Craven Randall Casper, has owned and consistently and substantially used the federal registered Trademark "RANDY CANDY" in interstate commerce. In summary, the Plaintiff, Mr. Craven Randall Casper, has used in interstate commerce, the federal registered Trademark "RANDY CANDY" since a date prior to Defendants' use

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

(junior user). This also establishes that the Plaintiff, Mr. Craven Randall Casper, has a valid, incontestable federal registered Trademark: "RANDY CANDY". *See Boston Athletic Ass'n v. Sullivan*, 867 F.2d 22, 26-27 (1st Cir. 1989).

254. Prior to the Defendants' negligent, negative actions, the Plaintiff, Mr. Craven Randall Casper, was a successful businessman, and a contributing member of society in the mid-Atlantic region of the United States of America. The Plaintiff, Mr. Craven Randall Casper, graduated with Honors from the University of North Carolina at Chapel Hill and with Master Degree from Johns Hopkins University's Carey Business School. The Plaintiff, Mr. Craven Randall Casper, served on multiple charitable boards, and he was a pillar in the community and had an untarnished reputation.

255. In May, 2015, and June, 2015, the Plaintiff, Mr. Craven Randall Casper, was removed and/or asked to resign from the Board of Directors from multiple charitable organizations; he forfeited opportunities with the State of North Carolina, including losing $100 million-dollar real estate deal with the North Carolina State Ports Authority, where the Plaintiff, Mr. Craven Randall Casper, would have received a commission of $6.0 million United States Dollars, supported by signed contracts; and further, The Plaintiff, Mr. Craven Randall Casper, had almost $100 million dollars of commercial and residential real estate for sale and/or for lease in North Carolina prior to May, 2015, which are supported by fully executed North Carolina listing agreements. Investors did not want to do business

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

with him based on the Defendant(s) broadcasts; Article(s); and statement(s) of fact. Further, the Defendants' damaged the Plaintiff, Mr. Craven Randall Casper's, reputation and led to threats against him.

## II. Personal Impact on the Plaintiff, Mr. Craven Randall Casper. The Past. The Present. The Future.

### B. Present.

256. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-255 of* the *Original Complaint*.

257. Today, the Plaintiff, Mr. Craven Randall Casper's, reputation continues to be tarnished without any chance for rebuttal. *See Paragraph 159 and Paragraph 166.*

258. The accusations brought in the Defendant(s) broadcast(s), Article(s), stories and/or statement(s) of fact were in an unfavorable light without opportunity for defense.

259. The de-listing of nearly $100 million dollars of North Carolina real estate contracts took the Plaintiff, Mr. Craven Randall Casper, many months. In addition, this cost him hundreds of hours, which is valuable time he can never recover. Further, there is the actual loss of millions of dollars in real estate commissions he would have conceivably earned through the sale, lease and/or development of real estate in the mid-Atlantic.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S,** *ORIGINAL COMPLAINT***; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

---

260. The Defendants took things from the Plaintiff, Mr. Craven Randall Casper. As a result, the Plaintiff, Mr. Craven Randall Casper's, personal and business relationships and friendships have been severed. Further, if the Plaintiff, Mr. Craven Randall Casper, goes on a date or to a dinner or any social interaction, with a previously unknown, private individual, unfortunately, the Plaintiff, Mr. Craven Randall Casper, has been searched online, and the Defendants' actions arise in discussion. *See Paragraph 289.* If the callous disregard for the accuracy of information, purported to be real news, was in the Defendants' interest, the calculated push to generate ratings and revenue, was wholly at the expense of the Plaintiff, Mr. Craven Randall Casper. Even more egregiously, after the Defendants and their counsel had been notified of false statement(s), multiple times, the damages continue to be as real today as at any point over the past three (3) years. Unfortunately, the Plaintiff, Mr. Craven Randall Casper, must deal with this on a day-to-day basis. This is a vicious cycle. The on-going damages over overwhelming. *See Paragraph 155 and Paragraph 262. See Exhibit H.*

261. The Defendants' unauthorized statements falsely represents the Defendants' as being legitimately connected with the Plaintiff, Mr. Craven Randall Casper, and places the Plaintiff, Mr. Craven Randall Casper's, business reputation beyond the Plaintiff, Mr. Craven Randall Casper's control.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

---

262. At present, personal and economic damages would not be on-going if information was removed from the Internet. The constant loop, no dates on statements, Article(s) and/ or stories continue to spread virally on the Internet, social media platforms and the Defendants' controlled news media platforms and accounts, which continues to cause problems for the Plaintiff, Mr. Craven Randall Casper. *See Paragraph 11, Paragraph 90, Paragraph 223. See Exhibit H.*

263. Further, the Plaintiff, Mr. Craven Randall Casper, has lost additional personal and business opportunities, which are difficult to quantify, but will be further detailed at the Trial by Jury in the State of North Carolina.

## III. Personal Impact on the Plaintiff, Mr. Craven Randall Casper. The Past. The Present. The Future.

### C. Future.

264. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-263 of* the *Original Complaint*.

265. Standing on the wrong side of history has tremendous actual damages, which can be quantified in economic terms.

266. On a personal level, presently, the Plaintiff, Mr. Craven Randall Casper, cannot get a job working for an American company. He has suffered emotional damages.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S,** *ORIGINAL COMPLAINT*; **APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

---

267. The Plaintiff, Mr. Craven Randall Casper, cannot start a new small business. There is the inability to obtain bank loans, in an effort to advance the Plaintiff, Mr. Craven Randall Casper's. small business priorities to re-invent himself.

268. The Defendant(s) false statement(s) of fact overshadow anything positive the Plaintiff, Mr. Craven Randall Casper, has ever done in his life. The Defendant(s) motive, driven by the upside of everything they had to gain, and had nothing to lose, including gaining a tremendous economic benefit. The Defendant(s) never thought this lawsuit would be filed by the Plaintiff, Mr. Craven Randall Casper, and have acted in flippant disregard, as if this is not a big deal, but it has ruined the Plaintiff, Mr. Craven Randall Casper's, life and now they have the ability for 350 million people to see a story that does not make any sense. *See Paragraph 155.*

269. The purpose of false light invasion of privacy is to recover for injured feelings and mental suffering. The Plaintiff, Mr. Craven Randall Casper, has experienced emotional distress as a result of the Defendants' purposeful conduct. Misperceptions are consequential. They have profound importance because the consuming American public makes choices based on information from real news. People do not have to be experts, but they have to have a foundation of knowledge, that is not rooted in the Defendants' intentional behavior, mistakes, inaccuracies, errors and /or falsehoods.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

---

270. So much of the worth of a business and the worth of a personal brand identity is tied up in the respective online reputation. If a private, American individual cannot remove false statement(s), Article(s) and stories and ambushed recorded phone calls, videos and photographs removed from the Internet, how does one re-habilitate their image? How does one correct false statements distributed to 350 million people? How does one change the negative impression created by the Defendants' that is wrong? The Plaintiff, Mr. Craven Randall Casper, has raised a lot of technological issues that that the Defendants' have used that really have not been challenged in Courts before. In summary, there are a plethora of important legal question, for which the law seems behind the times. *See Paragraph 288.*

271. In summary, the Plaintiff, Mr. Craven Randall Casper, will also seek a preliminary injunction, and ultimately a permanent injunction to remove the Defendants' content from Online, their controlled accounts and social media platforms.

# I. Economic Impact on the Plaintiff, Mr. Craven Randall Casper. The Past. The Present. The Future.

## A. Past.

272. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-271 of* the *Original Complaint*.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

273. The Economic impact on the Plaintiff, Mr. Craven Randall Casper, has been extremely severe over the last three (3) years.

274. The Defendants' negligence spread virally on the Internet, social media platforms and the Defendants' controlled news media platforms and accounts, which to this day continues to create further chaos and confusion for the Plaintiff, Mr. Craven Randall Casper.

275. Today, as a result of the Defendants' publication of defamatory statements about the Plaintiff, Mr. Craven Randall Casper, the Plaintiff, Mr. Craven Randall Casper's, brand has lost significant value, and major business opportunities that were otherwise available to him have been lost and/or substantially impacted. The economic damage to the Plaintiff, Mr. Craven Randall Casper's, brand, and licensing, marketing and endorsement opportunities caused by the publication of the Defendants' defamatory Article, is multiple millions of dollars. *See Paragraph 155.*

276. The Defendants' false and defamatory statements about the Plaintiff, Mr. Craven Randall Casper, have caused tremendous harm to the Plaintiff, Mr. Craven Randall Casper's, personal and professional reputation, for which he seeks compensatory and punitive damages of at least $20 Million United States Dollars.

**[remainder of page intentionally left blank]**

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

## II. Economic Impact on the Plaintiff, Mr. Craven Randall Casper. The Past. The Present. The Future.

### B. Present.

277.  The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-276 of* the *Original Complaint*.

278.  The Economic impact on the Plaintiff, Mr. Craven Randall Casper, is severe over the past three (3) years.

279.  The Defendants' have caused, and unless enjoined, will continue to cause substantial and irreparable injury to the Plaintiff, Mr. Craven Randall Casper, for which the Plaintiff, Mr. Craven Randall Casper, has no adequate remedy at law.

280.  As a direct and proximate result of the negligent acts and/or omission of the Defendants, the Plaintiff, Mr. Craven Randall Casper, has suffered and continues to suffer from, including, but not limited to, severe and permanent emotional distress, embarrassment, past and future medical expenses, and a loss of earning capacity.

281.  As a direct and proximate result of the foregoing conduct, the Plaintiff, Mr. Craven Randall Casper, is entitled to damages against the Defendants, in an amount that is presently unknown, but in total greater than $20 Million United States Dollars.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

## III. Economic Impact on the Plaintiff, Mr. Craven Randall Casper. The Past. The Present. The Future.

### C. Future.

282.  The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-281 of* the *Original Complaint.*

283.  The Plaintiff, Mr. Craven Randall Casper, has been denied home loans and car loans based not on credit information, but based on the Defendants' negligent reporting still publicly available Online, and the Plaintiff, Mr. Craven Randall Casper, has evidence and can call the lenders to testify to their written statements that the Plaintiff, Mr. Craven Randall Casper, is in possession of.

284.  The Plaintiff, Mr. Craven Randall Casper, has had difficulty banking and cashing personal checks.

285.  The Defendants' actions also usurp President Obama's Black Box Bill, an Obama Administration era regulation. Why should the Plaintiff, Mr. Craven Randall Casper, be disqualified from opportunities because of the Defendants' negligence?

286.  The Plaintiff, Mr. Craven Randall Casper, has lost credibility. This has in turn reduced his earning potential, and has potentially eliminated his earning potential for the remainder of his natural life. *See Paragraph 293.*

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S,** *ORIGINAL COMPLAINT*; **APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

---

287. The Plaintiff, Mr. Craven Randall Casper, after losing his real estate listings, has applied to over 1,000 jobs.

288. Further, today, the Plaintiff, Mr. Craven Randall Casper, could not get a job working for a company making minimum wage.

289. Unfortunately, in a digital age, a GOOGLE search is one (1) of the simplest ways to find information on a private, American individual. The Defendants' videos, photographs, stories, Articles and statement(s) of fact, regarding the Plaintiff, Mr. Craven Randall Casper, appear as the very first search result. Watching the Defendant(s) video(s) from previous video(s), clips, photographs, Articles, stories and statement(s), in GOOGLE searches and on social media platforms, provides a poisonous first impression. Further, the Defendants' have technological resource imbalances such as Search Engine Optimization (SEO); video optimization; site optimization; filters, tags, social media, local and mobile link building; duplicate content creation, and other technological advantages, which will be detailed at a Trial by Jury in the State of North Carolina. *See Paragraph 270.*

290. People believe information on Internet search engines like Google, whether it is true or not, as the complete truth, especially when it comes from the authority of a well-known news source, such as the Defendant(s). For instance, Google has become the world's go-to source of information by ranking billions of links from millions of sources. Now, for many

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

queries, the Internet giant is presenting itself as the authority on truth by promoting a single search result as the answer. Google automatically pushes negative posts (which tends to get more clicks) above the rest. This will continue to have serious consequences for the Plaintiff, Mr. Craven Randall Casper.

291. The Plaintiff, Mr. Craven Randall Casper, does not have the opportunity to flag the result as inaccurate. GOOGLE should terminate advertising revenue for site(s) such as the Defendant(s), and further require fact-checking of their Online site(s), potentially costing the Defendants' several million dollars in lost revenue. As a result, the Defendants credibility should suffer, and should be viewed by the consuming public to no longer be seen as trustworthy. *See Paragraph 49. See Paragraph 288.*

292. In summary, the Plaintiff, Mr. Craven Randall Casper, went from making several hundred thousand dollars per year to almost zero, and as such he experiences economic losses of almost $1.0 million dollars over the last three (3) years.

293. Further, there is a future lost earnings calculation of $300,000 USD per year over the course of thirty-five (35) years of earning for retirement at age seventy (70), would be a minimum of **$10,500,000 USD**. However, inflation should be used to calculated in to accurately reflect compounded loss.

294. This Court has a responsibility to hold the Defendants' accountable for their reprehensible actions. Whether motivated by party politics, ratings, corporate profit, increased national

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

advertising revenue, or personal gain, including seeking an Emmy nomination, the Plaintiff, Mr. Craven Randall Casper, hopes to help prevent this kind of malicious and reckless behavior in the future so that others can be spared the hell that he has had to endure over the last thirty-five (35) months. *See Paragraph 235.*

295. As a direct and proximate result of the foregoing conduct, the Plaintiff, Mr. Craven Randall Casper, is entitled to damages against the Defendants, in an amount that is presently unknown.

296. The Defendants' acts have caused, and will continue to cause, irreparable injury to the Plaintiff, Mr. Craven Randall Casper.

297. The Plaintiff, Mr. Craven Randall Casper, has no adequate remedy at law and is thus entitled to damages in an amount yet to be determined.

298. Further, there could be additional penalties in violation of additional N.C. General Statutes, which may be added in the filing of a future *AMENDED COMPLAINT.*

299. In summary, the Plaintiff, Mr. Craven Randall Casper, proceeds with alacrity in confidence that he will be able to succeed on the merits at a Trial by Jury in the State of North Carolina. Defamatory statements foreseeably caused substantial damage to his business and his actual and prospective economic relationships. There has been both reputational and financial harm that will be proven at a Trial by Jury in the State of North Carolina

300.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

# V.

# COUNTS.

# (AGAINST ALL DEFENDANTS)

THE *ORIGINAL COMPLAINT* CONTAINS EIGHTEEN (18) COUNTS: <u>COUNT</u> <u>I.</u>: VIOLATION(S) OF 18 U.S. CODE § 2511, AND ANY AND ALL OTHER APPLICABLE FEDERAL LAW, WHEREAS SECTION 2511 OF FEDERAL TITLE 18 PROHIBITS THE UNAUTHORIZED INTERCEPTION, DISCLOSURE, AND USE OF WIRE, ORAL, OR ELECTRONIC COMMUNICATIONS; <u>COUNT II.</u>: VIOLATION(S) 18 U.S.C. 2512, AND ANY AND ALL OTHER APPLICABLE FEDERAL LAW, REGARDING THE MANUFACTURE, DISTRIBUTION, POSSESSION, AND ADVERTISING OF WIRE, ORAL, OR ELECTRONIC COMMUNICATION INTERCEPTING DEVICES PROHIBITED; <u>COUNT III.</u>: VIOLATION(S) OF THE FEDERAL ELECTRONIC COMMUNICATIONS PRIVACY ACT (ECPA)[411] AND ANY AND

---

[411] *See* It is a FEDERAL crime to wiretap or to use a machine to capture the communications of others without court approval. It is likewise a FEDERAL crime to use or disclose any information acquired by illegal wiretapping or electronic eavesdropping. Violations can result in imprisonment for not more than five years; fines up to $250,000 (up to $500,000 for organizations); civil liability for damages, attorneys' fees and possibly punitive damages; disciplinary action against any attorneys involved; and suppression of any derivative evidence.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

**ALL OTHER APPLICABLE FEDERAL ACTS; <u>COUNT IV.:</u> VIOLATION(S) OF D.C. CODE § 23-542, AND ANY AND ALL OTHER DISTRICT OF COLUMBIA LAW AS THE DISTRICT OF COLUMBIA IS A FEDERAL DISTRICT AND THE FEDERAL CAPITAL OF THE UNITED STATES OF AMERICA (S*EE* 18 U.S. CODE § 2511); <u>COUNT V.:</u> VIOLATION(S) OF N.C. GEN. STAT. ANN. § 15A-287, WHEREAS INTERCEPTION AND DISCLOSURE OF WIRE, ORAL, OR ELECTRONIC COMMUNICATIONS IS PROHIBITED, AND ANY AND ALL OTHER APPLICABLE NORTH CAROLINA COMMON LAW; <u>COUNT VI.:</u> DEFAMATION [DEFAMATION OF CHARACTER (SLANDER AND LIBEL)]; <u>COUNT VII.:</u> LIBEL *PER SE*; <u>COUNT VIII.:</u> FALSE LIGHT; <u>COUNT IX.:</u> INVASION OF PRIVACY BY INTRUSION; <u>COUNT X.:</u> INTRUSION UPON SECLUSION; <u>COUNT XI.:</u> NEGLIGENCE; <u>COUNT XII.:</u> NEGLIGENCE *PER SE*; <u>COUNT XIII.:</u> INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

---

Title I of the ECPA amended the former Wiretap Act by including "electronic communications" among the types of communication protected from interception. Compare Pub. L. No. 90-351, 82 Stat. 197, 213 (1968) with 18 U.S.C.A. § 251 1(1). Currently under the Wiretap Act, it is illegal if any person "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication." 18 U.S.C.A. § 2511(1X3).' In addition to criminal liability, the Wiretap Act also permits private civil action and the recovery of civil damages. See 18 U.S.C.A. § 2520(a).

Further, Section 2520 of the ECPA provides for a private cause of action and allows for declaratory and equitable relief as appropriate and statutory damages of the greater of $10,000 or $100 a day for each day of violation, actual and punitive damages, and reasonable attorney's fees and cost.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

**BASED ON DEFENDANTS' ALLEGED INDIFFERENCE TO THE FALSITY OF THEIR REPORT AND THE HARM THAT IT CAUSED PLAINTIFF, MR. CRAVEN RANDALL CASPER; COUNT XIV.: HARRASSMENT; COUNT XV.: CYBERSTALKING CODIFIED AT N.C. GEN. STAT. § 75-1.1, *ET SEQ.*, AND OTHER APPLICABLE NORTH CAROLINA COMMON LAW; COUNT XVI.: UNJUST ENRICHMENT; COUNT XVII.: EXPENSES OF LITIGATION; AND COUNT XVIII.: JURY DEMAND IN THE STATE OF NORTH CAROLINA.**

**NOTE:** *See* It is a FEDERAL crime to wiretap or to use a machine to capture the communications of others without court approval. It is likewise a FEDERAL crime to use or disclose any information acquired by illegal wiretapping or electronic eavesdropping. Violations can result in imprisonment for not more than five years; fines up to $250,000 (up to $500,000 for organizations); civil liability for damages, attorneys' fees and possibly punitive damages; disciplinary action against any attorneys involved; and suppression of any derivative evidence.

[remainder of page intentionally left blank]

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

# COUNT I.

## VIOLATION(S) OF 18 U.S. CODE § 2511,

## AND ANY AND ALL OTHER APPLICABLE FEDERAL LAW,

## WHEREAS SECTION 2511 OF FEDERAL TITLE 18 PROHIBITS THE

## UNAUTHORIZED INTERCEPTION, DISCLOSURE, AND USE OF WIRE,

## ORAL, OR ELECTRONIC COMMUNICATIONS;

## (AGAINST ALL DEFENDANTS)

301. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-299* of the *Original Complaint*.

302. As the first (1st) ground for relief, the Plaintiff, Mr. Craven Randall Casper, hereby alleges the claim is for Section 2511 of Title 18 prohibits the unauthorized interception, disclosure, and use of wire, oral, or electronic communications. The prohibitions are absolute, subject only to the specific exemptions in Title III. Consequently, unless an interception is specifically authorized, it is impermissible and, assuming existence of the requisite criminal intent, in violation of 18 U.S.C. § 2511.

303. Section 2511(1)(a) is a blanket prohibition against the intentional interception, endeavor to intercept, or procurement of another person to intercept or endeavor to intercept any wire, oral, or electronic communication.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

304. Section 2511(1)(a) is a blanket prohibition against the intentional interception, endeavor to intercept, or procurement of another person to intercept or endeavor to intercept any wire, oral, or electronic communication.

305. Title I of the ECPA amended the former Wiretap Act by including "electronic communications" among the types of communication protected from interception. Compare Pub. L. No. 90-351, 82 Stat. 197, 213 (1968) with 18 U.S.C.A. § 251 1(1). Currently under the Wiretap Act, it is illegal if any person "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication." 18 U.S.C.A. § 2511(1X3). In addition to criminal liability, the Wiretap Act also permits private civil action and the recovery of civil damages. See 18 U.S.C.A. § 2520(a).

306. Despite the Plaintiff, Mr. Craven Randall Casper's, numerous warnings and demands to the Defendants to Cease and Desist their unauthorized activities, the Defendants continued without the explicit consent of the Plaintiff, Mr. Craven Randall Casper.

307. As of the filing of this *Original Complaint,* The Plaintiff, Mr. Craven Randall Casper, does not know who or where the Defendants have licensed, sold, syndicated or distributed erroneous statement(s), negative Article(s) and/or photographs to or what languages the Defendants' have translated his name into.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S,** *ORIGINAL COMPLAINT***; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

---

308. The act proximately caused injury to the Plaintiff, Mr. Craven Randall Casper, as discussed above.

309. The Plaintiff, Mr. Craven Randall Casper, should be awarded actual damages in the amount of **five hundred thousand dollars ($500,000 USD), treble damages**.

310. The Plaintiff, Mr. Craven Randall Casper, has no adequate remedy at law.

**NOTE:** Title I of the ECPA amended the former Wiretap Act by including "electronic communications" among the types of communication protected from interception. Compare Pub. L. No. 90-351, 82 Stat. 197, 213 (1968) with 18 U.S.C.A. § 251 1(1). Currently under the Wiretap Act, it is illegal if any person "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication." 18 U.S.C.A. § 2511(1X3).' In addition to criminal liability, the Wiretap Act also permits private civil action and the recovery of civil damages. See 18 U.S.C.A. § 2520(a).

Further, Section 2520 of the ECPA provides for a private cause of action and allows for declaratory and equitable relief as appropriate and statutory damages of the greater of $10,000 or $100 a day for each day of violation, actual and punitive damages, and reasonable attorney's fees and cost.

**[remainder of page intentionally left blank]**

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

# COUNT II.

# VIOLATION(S) 18 U.S.C. 2512,

# AND ANY AND ALL OTHER APPLICABLE FEDERAL LAW,

# REGARDING THE MANUFACTURE, DISTRIBUTION, POSSESSION,

# AND ADVERTISING OF WIRE, ORAL, OR ELECTRONIC

# COMMUNICATION - INTERCEPTING DEVICES PROHIBITED

# (AGAINST ALL DEFENDANTS)

311. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-299* of the *Original Complaint*.

312. As the second (2nd) ground for relief, the Plaintiff, Mr. Craven Randall Casper, hereby alleges violation(s) 18 U.S.C. 2512, and any and all other applicable Federal law, regarding the manufacture, distribution, possession, and advertising of wire, oral, or electronic communication.

313. The Defendants' own, operate and control television stations and radio stations and are subject to rules of the Federal Communications Commission (FCC).

314. The Defendants' engaged in conduct, which is prohibited by Section 633 of the Communications Act of 1934. *See The Communications Act of 1934.*

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S,** *ORIGINAL COMPLAINT*; **APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

---

315. The Defendants' conduct was, and, through the date of this filing, is for the purposes of direct and/or indirect commercial advantage or private financial gain.

316. This Court may use any means within its authority to enforce an injunction issued under paragraph (ii)(A), and shall impose a civil fine of not less than $500 for each violation.

317. The act proximately caused injury to the Plaintiff, Mr. Craven Randall Casper, as discussed above.

318. The Plaintiff, Mr. Craven Randall Casper, should be awarded actual damages in the amount of **five hundred thousand dollars ($500,000 USD), treble damages**.

319. The Plaintiff, Mr. Craven Randall Casper, has no adequate remedy at law.

**[remainder of page intentionally left blank]**

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

*CRAVEN RANDALL CASPER v. SINCLAIR BROADCAST GROUP, INC., et al.*                | Page 109 of 171

## COUNT III.

## VIOLATION(S) OF THE FEDERAL ELECTRONIC COMMUNICATIONS PRIVACY ACT (ECPA) AND ANY AND ALL OTHER APPLICABLE FEDERAL ACTS;

### (AGAINST ALL DEFENDANTS)

320. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-299* of the *Original Complaint*.

321. As the third (3rd) ground for relief, the Plaintiff, Mr. Craven Randall Casper, hereby alleges violation(s) of the federal Electronic Communications Privacy Act (ECPA) and any and all other applicable Federal acts.

322. The Electronic Communications Privacy Act of 1986 (ECPA) was enacted by the United States Congress to extend government restrictions on wire taps from telephone calls to include transmissions of electronic data by computer (18 U.S.C. § 2510 *et seq.*).

323. The act proximately caused injury to the Plaintiff, Mr. Craven Randall Casper, as discussed above.

324. The Plaintiff, Mr. Craven Randall Casper, should be awarded actual damages in the amount of **five hundred thousand dollars ($500,000 USD), treble damages**.

325. The Plaintiff, Mr. Craven Randall Casper, has no adequate remedy at law.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S,** *ORIGINAL COMPLAINT*; **APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

**NOTE:** *See* It is a FEDERAL crime to wiretap or to use a machine to capture the communications of others without court approval. It is likewise a FEDERAL crime to use or disclose any information acquired by illegal wiretapping or electronic eavesdropping. Violations can result in imprisonment for not more than five years; fines up to $250,000 (up to $500,000 for organizations); civil liability for damages, attorneys' fees and possibly punitive damages; disciplinary action against any attorneys involved; and suppression of any derivative evidence.

[remainder of page intentionally left blank]

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S,** *ORIGINAL COMPLAINT*;
**APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE**
**DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF**
**SERVICE; AND EXHIBITS A – K.**

---

# COUNT IV.

## VIOLATION(S) OF D.C. CODE § 23-542,

## AND ANY AND ALL OTHER DISTRICT OF COLUMBIA LAW AS

## THE DISTRICT OF COLUMBIA IS A FEDERAL DISTRICT AND

## THE FEDERAL CAPITAL OF THE UNITED STATES OF

## AMERICA (*SEE* 18 U.S. CODE § 2511)

## (AGAINST ALL DEFENDANTS)

326. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-299* of the *Original Complaint*.

327. As the fourth (4th) ground for relief, the Plaintiff, Mr. Craven Randall Casper, hereby alleges VIOLATION(S) OF D.C. CODE § 23-542. *SEE 18 U.S. CODE § 2511*.

328. The act proximately caused injury to the Plaintiff, Mr. Craven Randall Casper, as discussed above.

329. The Plaintiff, Mr. Craven Randall Casper, should be awarded actual damages in the amount of **five hundred thousand dollars ($500,000 USD), treble damages**.

330. The Plaintiff, Mr. Craven Randall Casper, has no adequate remedy at law.

[remainder of page intentionally left blank]

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.

# COUNT V.

## VIOLATION(S) OF N.C. GEN. STAT. ANN. § 15A-287, WHEREAS INTERCEPTION AND DISCLOSURE OF WIRE, ORAL, OR ELECTRONIC COMMUNICATIONS IS PROHIBITED, AND ANY AND ALL OTHER APPLICABLE NORTH CAROLINA COMMON LAW.

### (AGAINST ALL DEFENDANTS)

331. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-299* of the *Original Complaint*.

332. As the fifth (5th) ground for relief, the Plaintiff, Mr. Craven Randall Casper, hereby alleges VIOLATION(S) OF N.C. GEN. STAT. ANN. § 15A-287.

333. As a result, members of the public were and are likely to continue to be confused and/or deceived by the Defendant(s) and unlawful actions described herein.

334. The Defendants' unlawful acts violate the Plaintiff, Mr. Craven Randall Casper's, common law rights and have damaged and continue to damage the Plaintiff, Mr. Craven Randall Casper, causing irreparable harm, for which there is no adequate remedy at law.

335. Such unlawful acts and damage will continue to occur unless enjoined by this Court.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

---

336. An Order requiring the Defendant(s) to pay the Plaintiff, Mr. Craven Randall Casper punitive damages, in accordance with North Carolina Common Law.

337. The Plaintiff, Mr. Craven Randall Casper, is entitled to injunctive relief against Defendants, and, after a Trial by Jury, to recovery of any damages proven to have been caused, or profits earned unjustly, by reason of the Defendants' acts.

338. The act proximately caused injury to the Plaintiff, Mr. Craven Randall Casper, as discussed above.

339. The Plaintiff, Mr. Craven Randall Casper, should be awarded actual damages in the amount of **five hundred thousand dollars ($500,000 USD), treble damages**.

340. The Plaintiff, Mr. Craven Randall Casper, has no adequate remedy at law.

**[remainder of page intentionally left blank]**

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

---

# COUNT VI.

# DEFAMATION

# DEFAMATION OF CHARACTER

# (SLANDER AND LIBEL)

# (AGAINST ALL DEFENDANTS)

341. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-299* of the *Original Complaint*.

342. As the sixth (6th) ground for relief, the Plaintiff, Mr. Craven Randall Casper, hereby alleges Defamation.

343. Under the well-established common law of **North Carolina,** the term *defamation* includes two distinct torts, *libel* and *slander*. In general, libel is written while slander is oral. *See Tallent v. Blake*, 57 N.C. App. 249, 251, 291 S.E.2d 336, 338 (1982). To recover under a defamation theory, the Plaintiff [Mr. Craven Randall Casper] must "allege that the Defendants caused injury to the Plaintiff [Mr. Craven Randall Casper], by making false, defamatory statements of or concerning the Plaintiff [Mr. Craven Randall Casper], which were published to a third person." *See Boyce & Isley, PLLC v. Cooper*, 2002 N.C. App. LEXIS 1088, 568 S.E.2d 893, 898 (2002) (internal citations omitted). However, some

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S,** *ORIGINAL COMPLAINT*; **APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

types of false statements are considered so damaging that they are deemed defamatory on their face ("defamation *per se*").

344. Under the well-established common law of North Carolina, the State of North Carolina recognizes three classes of libel: "(1) publications obviously defamatory which are called libel *per se*; (2) publications susceptible of two interpretations one of which is defamatory and the other not; and (3) publications not obviously defamatory but when considered with innuendo, colloquium, and explanatory circumstances become libelous, which are termed libels *per quod*." *See Renwick v. News & Observer Pub. Co.*, 310 N.C. 312, 316, 312 S.E.2d 405, 408 (1984), *rehearing denied*, 310 N.C. 749, 315 S.E.2d 704 (1984), *cert. denied*, 469 U.S. 858, 83 L. Ed. 2d 121 (1984).

345. The Defendants published or caused to be published defamatory statement(s).

346. The defamatory statement(s) were if and concerning the Plaintiff, Mr. Craven Randall Casper.

347. The Defamatory statement(s) were false. The statement(s) were presented by the Defendant(s) as real news.

348. The Defendants wrote and/or published the defamatory statement(s) and also hand-delivered to third-party individual(s) either knowing they were false or with reckless

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

disregard for the truth.[420] Further, the Defendant(s) should have Malpractice, Errors & Omissions (E&O) insurance, and/or other liability insurance, and that information including policy terms and policy numbers should be provided to this Court.

349. The defamatory statements also constitute defamation *per se* because they impugned his fitness to perform his duties in business. In fact, the Plaintiff, Mr. Craven Randall Casper's, personal, Lifestyle and federal registered Trademark brands has lost significant value, and major business opportunities that were otherwise available to him have been lost and/or substantially impacted.

350. The defamatory statements have caused the Plaintiff, Mr. Craven Randall Casper, damages including to his reputation and to his business interests and perspective economic opportunities, as well as causing significant humiliation in the community and emotional distress.

[remainder of page intentionally left blank

---

[420] **Elements of a Claim** - To state a cause of action for false light invasion of privacy, the Plaintiff, Mr. Craven Randall Casper, must allege: (1) Public disclosure; (2) That puts the Plaintiff, Mr. Craven Randall Casper, in a false light; (3) the Plaintiff, Mr. Craven Randall Casper, must show with convincing clarity that he or she was person about whom the publication was made; (4) The false light would be "highly offensive to a reasonable person"; and (5) The actor [Defendant(s)] knew of or recklessly disregarded the falsity of the publication and the false light in which the other would be placed: (a) For issues of public concern – a public figure Plaintiff cannot recover without proof of actual malice, which does not apply to the Plaintiff, Mr. Craven Randall Casper, because he is a private, American citizen; and (b) For issues of private concern – no actual malice is required.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

351. The republication of the defamatory statement(s) in other publications, which was both a foreseeable and an intended result of the Defendants' purposeful conduct, caused the Plaintiff, Mr. Craven Randall Casper, additional damages.

352. When determining if the statements are defamatory on their face, this Court must view the alleged statement in isolation, stripped of all explanatory circumstances, in the way "ordinary men naturally understand" the statement, ignoring the way "supersensitive persons with morbid imaginations" may view the widely-disseminated statement. *See Flake v. Greensboro News Co.*, 212 N.C. 780, 786, 195 S.E. 55, 60 (1938).

353. Under the laws of the United States of America, and all other applicable common laws, the statements the Defendants posted to the Internet, online, websites, social media accounts and platforms, and/or digital archives are false and libelous *per se* and this Court and a Jury in the State of North Carolina can view this on the Internet, websites, social media accounts, GIPHY files and digital archives, most of which are Defendant controlled.

354. The Defendants' conduct is knowing, intentional, wanton, willful, malicious and oppressive, and thus, warrants this case being designated as exceptional under 15 U.S.C $ 1117, and the imposition of treble damages against them

355. The Defendants conduct was knowing, malicious, willful, and wonton, entitling the Plaintiff, Mr. Craven Randall Casper, to an award of punitive damages.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

356. As a result of the Defendants conduct, the Plaintiff, Mr. Craven Randall Casper, is entitled to an award of compensatory and punitive damages in an amount to be proven at a Trial by Jury in the State of North Carolina and not less than **$150 million (one hundred fifty million United States Dollars)**.

357. The Plaintiff, Mr. Craven Randall Casper, no adequate remedy at law.

[remainder of page intentionally left blank]

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S,** *ORIGINAL COMPLAINT*; **APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

# COUNT VII.

## LIBEL *PER SÉ*;

## (AGAINST ALL DEFENDANTS)

358. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-299* of the *Original Complaint*.

359. As the seventh (7th) ground for relief, the Plaintiff, Mr. Craven Randall Casper, hereby alleges libel *per se* pursuant to North Carolina's Unfair Trade Practices Act, N.C. GEN. STAT. § 75-1.1 - 89 (2001) ( "UTPA" ), and punitive damages.

360. Under the well-established common law of **North Carolina**, Libel *per se* is "a publication by writing, printing, signs or pictures (i.e. Twitter and GIPHY), which, when considered alone without innuendo, colloquium or explanatory circumstances: (1) charges that a person has committed an infamous crime; (2) charges a person with having an infectious disease; (3) tends to impeach a person in that person's trade or profession; (i.e. libel *per se* statements relate to the Plaintiff, Mr. Craven Randall Casper's, goods, services, products, business, profession, goodwill, and/or other commercial activities to the detriment the Plaintiff, Mr. Craven Randall Casper); or (4) otherwise tends to subject one to ridicule, contempt or disgrace/ *See Renwick*, 310 N.C. at 317-18, 312 S.E.2d at 408-9 (internal citations omitted). Whether a publication is of the type that properly may

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

be deemed libelous *per se* is a question of law to be decided initially by the Trial Court. *See, id.* at 317-18 ( "defamatory words to be libelous *per se* must be susceptible of but one meaning and of such nature that the Court can presume as a matter of law that they tend to disgrace and degrade the party or hold him up to public hatred, contempt or ridicule, or cause him to be shunned and avoided." (internal citations omitted) (emphasis in original)).

361. The publication(s) is/are such as to be subject to only one interpretation. That signification is defamatory.

362. Statements tending to harm a person's occupational or professional reputation are another common basis for libel suits. Allegations of incompetence, unethical behavior, lack of integrity or occupational crime are all actionable.

363. When determining if the statements are defamatory on their face, this Court must view the alleged statement in isolation, stripped of all explanatory circumstances, in the way "ordinary men naturally understand" the statement, ignoring the way "supersensitive persons with morbid imaginations" may view the widely-disseminated statement. *See Flake v. Greensboro News Co.*, 212 N.C. 780, 786, 195 S.E. 55, 60 (1938).

364. Under the laws of the United States of America, and all other applicable common laws, the statements the Defendants posted to the Internet, online, websites, social media

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

accounts and platforms, and/or digital archives are false and libelous *per se* and this Court and a Jury in the State of North Carolina can view this on the Internet, websites, social media accounts, GIPHY files and digital archives, most of which are Defendant controlled.

365. The Defendants' conduct is knowing, intentional, wanton, willful, malicious and oppressive, and thus, warrants this case being designated as exceptional under 15 U.S.C § 1117, and the imposition of treble damages against them

366. The Plaintiff, Mr. Craven Randall Casper, should be awarded actual damages in the amount of not less than **$150 million (one hundred fifty million United States Dollars)**, **treble damages.**

367. The Plaintiff, Mr. Craven Randall Casper, no adequate remedy at law.

[remainder of page intentionally left blank]

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

## COUNT VIII.:

## FALSE LIGHT;

## (AGAINST ALL DEFENDANTS)

368.  The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-299* of the *Original Complaint*.

369.  As the eighth (8th) ground for relief, the Plaintiff, Mr. Craven Randall Casper, hereby alleges False Light.

370.  In this False Light claim, the Plaintiff, Mr. Craven Randall Casper, must prove the following elements:

    a.    The Defendant(s) published some information about the Plaintiff, Mr. Craven Randall Casper. The Plaintiff, Mr. Craven Randall Casper, has sufficient evidence to succeed on the merits.

    b.    The information must portray the Plaintiff, Mr. Craven Randall Casper, in a false or misleading light. The Plaintiff, Mr. Craven Randall Casper, has sufficient evidence to succeed on the merits.

    c.    The information is highly offensive or embarrassing to a reasonable person of ordinary sensibilities. The Plaintiff, Mr. Craven Randall Casper, has sufficient evidence to succeed on the merits.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S,** *ORIGINAL COMPLAINT*; **APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

---

    d.   The Defendant(s) must have published the information with reckless disregard as to its offensiveness. The Plaintiff, Mr. Craven Randall Casper, has sufficient evidence to succeed on the merits.

371. False Light is a powerful cause of action for the Plaintiff, Mr. Craven Randall Casper, because it allows for a holistic assessment of published information and the context in which such information has been and continues to be placed.

372. The act proximately caused injury to the Plaintiff, Mr. Craven Randall Casper, as discussed above.

373. The Defendants' have caused, and unless enjoined, will continue to cause substantial and irreparable injury to the Plaintiff, Mr. Craven Randall Casper, for which the Plaintiff, Mr. Craven Randall Casper, has no adequate remedy at law.

374. As a direct and proximate result of the foregoing conduct, the Plaintiff, Mr. Craven Randall Casper, is entitled to damages against the Defendants, in an amount that is presently unknown.

375. The Plaintiff, Mr. Craven Randall Casper, should be awarded actual damages in the amount of not less than **$150 million (one hundred fifty million United States Dollars), treble damages.**

376. The Plaintiff, Mr. Craven Randall Casper, has no adequate remedy at law.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

---

# COUNT IX.

## INVASION OF PRIVACY BY INTRUSION

### (AGAINST ALL DEFENDANTS)

377. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-299* of the *Original Complaint*.

378. As the ninth (9th) ground for relief, the Plaintiff, Mr. Craven Randall Casper, hereby alleges Invasion of Privacy by Intrusion.[421]

379. As described herein, Defendants engaged conduct that invaded Plaintiff, Mr. Craven Randall Casper's, privacy interests, including, but not limited to, their private electronic communications and their whereabouts throughout the course of time.

380. The media should not be given a license to pry into the private lives of ordinary American citizens and spread before the public highly offensive, but very private facts without any degree of accountability.

---

[421] **Elements of a Claim** - To state a cause of action for false light invasion of privacy, a the Plaintiff, Mr. Craven Randall Casper, must allege: (1) Public disclosure; (2) That puts the Plaintiff, Mr. Craven Randall Casper, in a false light; (3) the Plaintiff, Mr. Craven Randall Casper, must show with convincing clarity that he or she was person about whom the publication was made; (4) The false light would be "highly offensive to a reasonable person"; and (5) The actor [Defendant(s)] knew of or recklessly disregarded the falsity of the publication and the false light in which the other would be placed: (a) For issues of public concern – a public figure Plaintiff cannot recover without proof of actual malice, which does not apply to the Plaintiff, Mr. Craven Randall Casper, because he is a private, American citizen; and (b) For issues of private concern – no actual malice is required.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

---

381. The privacy interests of the Plaintiff, Mr. Craven Randall Casper, invaded by Defendant(s) involved both classes recognized in North Carolina: "(1) interests in precluding the dissemination or misuse of sensitive and confidential information (informational privacy); and (2) interests in making intimate personal decisions or conducting personal activities without observation, intrusion, or interference (autonomy privacy)." *Hill v. National Collegiate Athletic Association*, 7 Cal. 4th 1, 35, 865 P.2d 633, 654 (1994).

382. The Plaintiff, Mr. Craven Randall Casper, had a reasonable expectation of privacy as to the interests invaded.

383. Defendants' invasion of The Plaintiff, Mr. Craven Randall Casper's, privacy interests was serious and sustained over several years.

384. Defendants' invasion of The Plaintiff, Mr. Craven Randall Casper's, privacy interests caused Plaintiff and Class Members to suffer injury and damages.

385. The intentional and deliberate invasion of privacy as referenced herein constituted wanton, willful, and malicious conduct justifying an award of punitive damages against these Defendants.

386. The Plaintiff, Mr. Craven Randall Casper, is entitled to injunctive relief against Defendants, and, after a Trial by Jury, to recovery of any damages proven to have been caused, or profits earned unjustly, due to the Defendants' acts.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

---

387. The act proximately caused injury to the Plaintiff, Mr. Craven Randall Casper, as discussed above.

388. The Plaintiff, Mr. Craven Randall Casper, should be awarded actual damages in the amount of **five hundred thousand dollars ($500,000 USD), treble damages**.

389. The Plaintiff, Mr. Craven Randall Casper, has no adequate remedy at law.

[remainder of page intentionally left blank]

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

# COUNT X.

## INTRUSION UPON SECLUSION

## (AGAINST ALL DEFENDANTS)

390. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-299* of the *Original Complaint*.

391. As tenth (10th) ground for relief, the Plaintiff, Mr. Craven Randall Casper, hereby alleges Intrusion Upon Seclusion.

392. An Intrusion Upon Seclusion claim is a special form of Invasion of Privacy. It applies when the Defendant(s) intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another. In North Carolina, to make out an Intrusion Upon Seclusion claim, the Plaintiff, Mr. Craven Randall Casper, must generally establish four (4) elements:

　　　　a.　First, that the Defendant(s), without authorization, must have intentionally invaded the private affairs of the Plaintiff, Mr. Craven Randall Casper. The Plaintiff, Mr. Craven Randall Casper, has sufficient evidence to succeed on the merits.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S,** *ORIGINAL COMPLAINT*; **APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

---

b. Second, the invasion must be offensive to a reasonable person. <u>The Plaintiff, Mr. Craven Randall Casper, has sufficient evidence to succeed on the merits.</u>

c. Third, the matter that the Defendant(s) intruded upon must involve a private matter. <u>The Plaintiff, Mr. Craven Randall Casper, has sufficient evidence to succeed on the merits.</u> AND

d. Finally, the intrusion must have caused mental anguish or suffering to the Plaintiff, Mr. Craven Randall Casper. <u>The Plaintiff, Mr. Craven Randall Casper, has sufficient evidence to succeed on the merits.</u>

393. The Defendants' electronic or optical intrusion, such as using speakerphone, zoom lenses or highly sensitive microphones to photograph, video or record a private, American individual, who has a reasonable expectation of privacy, such as was the case of the Plaintiff, Mr. Craven Randall Casper.

394. The second element requires that the actions giving rise to a claim must be offensive to a reasonable person. Further, liability can constitutionally be imposed for other private facts that would be highly offensive to a reasonable person and that are not of legitimate concern.

395. The Plaintiff, Mr. Craven Randall Casper, repeatedly objected to the Defendants, and as a result, there was never any form of consent, including implied consent.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

396. The act proximately caused injury to the Plaintiff, Mr. Craven Randall Casper, as discussed above.

397. The Plaintiff, Mr. Craven Randall Casper, should be awarded actual damages in the amount of **five hundred thousand dollars ($500,000 USD), treble damages**.

398. The Plaintiff, Mr. Craven Randall Casper, has no adequate remedy at law.

**[remainder of page intentionally left blank]**

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S,** *ORIGINAL COMPLAINT*; **APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

*CRAVEN RANDALL CASPER v. SINCLAIR BROADCAST GROUP, INC., et al.*          | Page 130 of 171

# COUNT XI.

# NEGLIGENCE

# (AGAINST ALL DEFENDANTS)

399. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-299* of the *Original Complaint*.

400. As the eleventh (11th) ground for relief, the Plaintiff, Mr. Craven Randall Casper, hereby alleges Negligence.

401. Statements tending to harm a person's occupational or professional reputation are another common basis for libel suits. Allegations of incompetence, unethical behavior, lack of integrity or occupational crime are all actionable.

402. The Defendants' owed a duty to the consuming American public, to the Plaintiff, Mr. Craven Randall Casper, and to the SPOJ to exercise reasonable care, accuracy, and the blatant disregard for the truth, in spite knowing of their defamatory statements, consciously ambushed the Plaintiff, Mr. Craven Randall Casper, and violated North Carolina common law, and caused severe damage to the Plaintiff, Mr. Craven Randall Casper.

403. The Plaintiff, Mr. Craven Randall Casper, request declaratory relief against the Defendants, pursuant to Rule 57 of the Rules of Civil Procedure and the Uniform

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S,** *ORIGINAL COMPLAINT*; **APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

---

Declaratory Judgment Act, N.C. Gen. Stat. §§ 1-253 and 1-254, *et. seq.* This Court in Orange County, North Carolina has jurisdiction of this action and authority to issue a declaratory judgment in this action pursuant to the provisions of the Uniform Declaratory Judgment Act, N.C. Gen. Stat. §§ 1-253 and 1-254, *et. seq.*, because an actual controversy exists between the Plaintiff, Mr. Craven Randall Casper, and the Defendants' and the Plaintiff, Mr. Craven Randall Casper, continues to be negatively affected.

404.    On information and belief, the Defendants' benefited, from at a minimum, tremendous economic benefit. There is also North Carolina common law, which addresses unjust enrichment. *See COUNT XVI.*

405.    The Defendants' had a relationship with The Plaintiff, Mr. Craven Randall Casper, because the Plaintiff, Mr. Craven Randall Casper, personally contacted the Defendants directly and multiple times, and further, he corresponded with their third-party counsel and eventually their in-house counsel(s). Their conscious indifference to correct information violated North Carolina common law. This provided an independent duty of care. 1. Today, the Defendants' will have to act out of consequence, rather than conscience.

406.    The Defendants' engaged in this misconduct recklessly, in conscious neglect of duty and in callous indifference to consequences, and, in the alternative, with such want of care as

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

---

would raise a presumption of a conscious indifference to consequences. *See N.C.G.S. 6-21.2.*

407. The Defendants' was or should reasonably have been, aware of its misconduct and of the foreseeable injury that would probably result, and with reckless indifference to consequences, consciously and intentionally committed the wrongful acts and omissions herein the Defendants' actions and omissions were, therefore, not just negligent, but grossly negligent, reckless, willful, and wanton.

408. As a result of the Defendants' negligence, the Plaintiff, Mr. Craven Randall Casper, suffered and will continue to suffer injury, which includes but is not limited to monetary expenses. The Plaintiff, Mr. Craven Randall Casper also has incurred, and will continue to incur on an indefinite basis, out-of-pocket costs for bringing this action to Superior Court in Orange County, North Carolina.

409. The damages to the Plaintiff, Mr. Craven Randall Casper, were a direct, proximate, reasonably foreseeable result of the Defendants' breaches of its duties.

410. The act proximately caused injury to the Plaintiff Mr. Craven Randall Casper, as discussed above.

411. The Plaintiff, Mr. Craven Randall Casper, has sustained, and will continue to sustain, irreparable injury as a direct and proximate cause of the Defendants' negligence.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

---

412. Based on the Defendants' previous and continuing knowledge of their defamatory statements and continued activities through the date of this Filing, the Defendants' actions are willful, and malicious.

413. On information and belief, the Defendants' conduct is knowing, intentional, wanton, willful, malicious, and oppressive. The Plaintiff, Mr. Craven Randall Casper, has no adequate remedy at law, including at least substantial and irreparable injury to his business, goodwill and reputation.

414. The aforesaid unlawful acts by Defendants will continue unabated unless and until enjoined by this Court.

415. An Order requiring the Defendants to pay the Plaintiff, Mr. Craven Randall Casper punitive damages for negligence, in accordance with North Carolina Common Law.

416. The Plaintiff, Mr. Craven Randall Casper, is entitled to injunctive relief against Defendants, and, after a Jury Trial in the State of North Carolina, to recovery of any damages proven to have been caused, or any profits earned unjustly, by reason of the Defendants' acts of Infringement.

417. The act proximately caused injury to the Plaintiff, Mr. Craven Randall Casper, as discussed above.

418. The Plaintiff, Mr. Craven Randall Casper, should be awarded actual damages in the amount of **five hundred thousand dollars ($500,000 USD), treble damages**.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

419. The Plaintiff, Mr. Craven Randall Casper, has no adequate remedy at law.

## COUNT XII.

## TWELFTH CLAIM FOR RELIEF

## (AGAINST ALL DEFENDANTS).

## NEGLIGENCE *PER SE*.

420. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-299* of the *Original Complaint*.

421. The Federal Trade Commission (FTC)'s Section 5 of the FTC Act prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair act or practice by businesses, such as the Defendants', which constitutes negligence *per se*.

422. The Defendants' violation of Section 5 of the FTC Act constitutes negligence *per se*.

423. The Plaintiff, Mr. Craven Randall Casper, is within the class of persons that the FTC Act and N.C. Gen. Stat. Ann § 75-61 to § 75-66 were intended to protect.

424. The FTCA is a public safety statutes because they impose a duty of the Defendants; for the protection of others.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

425. In this Case, the Plaintiff, Mr. Craven Randall Casper's, personal and/or sensitive information was obtained in a manner violating North Carolina common law, with a rush to judgment, in the interest of the Defendants' tremendous economic benefit through the resulting increase in television viewership; an increase in web traffic to its article and accompanying Online advertisements; and the corresponding advertising revenue. The Defendants' violations constitute negligence *per se*.

426. The Defendants' engaged in this misconduct recklessly, in conscious neglect of duty and in callous indifference to consequences, and, in the alternative, with such want of care as would raise a presumption of a conscious indifference to consequences. The Defendant(s) were or should reasonably have been, aware of its misconduct and of the foreseeable injury that would probably result, and with reckless indifference to consequences, consciously and intentionally committed the wrongful acts and omissions herein. The Defendants' actions and omissions were, therefore, not just negligent, but grossly negligent, reckless, willful, and wanton.

427. As a direct and proximate result of the Defendants' negligence *per se*, the Plaintiff, Mr. Craven Randall Casper, suffered and will continue to suffer injury, which includes, loss of revenue and the valuable time wasted on bringing this action to Court. Further, the Plaintiff, Mr. Craven Randall Casper also has incurred, and will continue to incur on an indefinite basis, out-of-pocket costs related to the issues described herein.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

428. As a result of the Defendants' conduct as described herein, the Plaintiff, Mr. Craven Randall Casper, has been injured.

429. The Plaintiff, Mr. Craven Randall Casper, is also entitled to recover their costs of the action, as well as reasonable attorneys' fees. 15 U.S.C. § 1681o(a)(2).

430. The Plaintiff, Mr. Craven Randall Casper, should be awarded actual damages in the amount of **five hundred thousand dollars ($500,000 USD), treble damages**.

431. The Plaintiff, Mr. Craven Randall Casper, has no adequate remedy at law.

**[remainder of page intentionally left blank]**

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

# COUNT XIII.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BASED ON DEFENDANTS' ALLEGED INDIFFERENCE TO THE FALSITY OF THEIR REPORT AND THE HARM THAT IT CAUSED PLAINTIFF, MR. CRAVEN RANDALL CASPER; AGAINST ALL DEFENDANTS)

432. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every *allegation set* forth in *Paragraphs 1-299* of the *Original Complaint*.

433. As the thirteenth (13th) ground for relief, the Plaintiff, Mr. Craven Randall Casper, hereby alleges Intentional Infliction of Emotional Distress.

434. "Emotional distress damages, however, may be sufficient to constitute actual injury." *See Williams v. Home Servicing Corp.*, 184 N.C. App. 413, 646 S.E.2d 381 (2007). The extreme and outrageous conduct is ongoing, serious, traumatic. This intentional infliction of emotional distress has caused intense mental anguish.

435. The Defendants' subjected the Plaintiff, Mr. Craven Randall Casper, to extreme and outrageous conduct, as more fully set forth above.

436. The Defendants' intended their conduct to inflict severe distress or knew that there was a high probability that *their* conduct would inflict such distress to the Plaintiff, Mr. Craven

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

Randall Casper, and continues to inflict emotional distress through the filing of this *Original Complaint*, and perhaps a future *Amended Complaint*.

437. The Defendants' committed extreme and outrageous conduct, which was beyond all possible bounds of decency, with the intent to cause the Plaintiff, Mr. Craven Randall Casper, to have severe emotional distress.

438. As a result of Defendants' conduct, the Plaintiff, Mr. Craven Randall Casper, suffers severe emotional distress, which resulted in difficulty sleeping and difficulty concentrating on work and feeling ashamed, and he suffered mental suffering and humiliation.

439. The Defendant's conduct is knowing, intentional, wanton, willful, malicious and oppressive, and thus, warrants this case being designated as exceptional under 15 U.S.C § 1117, and the imposition of treble damages against them.

440. The act proximately caused injury to the Plaintiff, Mr. Craven Randall Casper, as discussed above.

441. The Defendants conduct was knowing, malicious, willful, and wonton, entitling the Plaintiff, Mr. Craven Randall Casper, to an award of punitive damages.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

---

442. As a result of the Defendants actions, the Plaintiff, Mr. Craven Randall Casper, has suffered emotional distress and is entitled to compensatory and punitive damages in an amount to be proven at a Trial by Jury in the State of North Carolina and **not less than $150 million (one hundred fifty million United States dollars).**

443. The Defendants' subjected the Plaintiff, Mr. Craven Randall Casper, to extreme and outrageous conduct, set forth above and other unknown conduct which will be uncovered during Discovery.

444. The Defendants' committed extreme and outrageous conduct, which was beyond all possible bounds of decency, with the intent to cause the Plaintiff, Mr. Craven Randall Casper, to have severe emotional distress.

445. The Defendants' bastardized the Plaintiff, Mr. Craven Randall Casper's, with the intent to cause harmful and offensive contact with the Plaintiff, Mr. Craven Randall Casper, which was beyond all possible bounds of decency.

446. As a result of Defendants' conduct, the Plaintiff, Mr. Craven Randall Casper, suffers severe emotional distress, which resulted in difficulty sleeping and difficulty concentrating on work and feeling ashamed, and he suffered mental suffering and

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S,** *ORIGINAL COMPLAINT*; **APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

humiliation and lost his federal registered Trademark value and other business ventures described herein.

447. As a direct and proximate result of the negligent acts and/or omission of the Defendants, the Plaintiff, Mr. Craven Randall Casper, has suffered and continues to suffer from, including, but not limited to, severe and permanent emotional distress, embarrassment, past and future medical expenses, and a loss of earning capacity.

448. The Defendants' conduct is knowing, intentional, wanton, willful, malicious and oppressive, and thus, warrants this case being designated as exceptional under 15 U.S.C § 1117, and the imposition of treble damages against them.

449. As a direct and proximate result of Defendants' misconduct, the Plaintiff, Mr. Craven Randall Casper, has suffered damages in the amount to be proven at Trial by Jury in the State of North Carolina.

**[remainder of page intentionally left blank]**

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

## COUNT XIV.

## HARRASSMENT

## (AGAINST ALL DEFENDANTS)

450. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-299* of the *Original Complaint*.

451. As the fourteenth (14th) ground for relief, the Plaintiff, Mr. Craven Randall Casper, hereby alleges Harassment, 15 U.S.C. § 1125(a). (Federal, District of Columbia, and North Carolina common law).

452. The Defendants' negligence and harassment has caused, and unless enjoined, will continue to cause substantial and irreparable injury to the Plaintiff, Mr. Craven Randall Casper, for which the Plaintiff, Mr. Craven Randall Casper, has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and business reputation associated with the Plaintiff, Mr. Craven Randall Casper.

453. There is no statute of limitations for malicious misdemeanors. Generally, malicious means with willful malice or bad motive.

454. Pursuant to North Carolina General Statute G.S **§ 14-277.3A (b)(2):** "Harasses or harassment: knowing conduct, including written or printed communication or transmission, telephone, cellular, or other wireless telephonic communication, facsimile

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S,** *ORIGINAL COMPLAINT*; **APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

---

transmission, pager messages or transmissions, answering machine or voice mail messages or transmissions, and electronic mail messages or other computerized or electronic transmissions directed at a specific person that torments, terrorizes, or terrifies that person and that serves no legitimate purpose".

455. Pursuant to North Carolina General Statute G.S. 15A-134, if any part of the offense occurred within North Carolina, including the Defendants' course of conduct or the effect on the victim, then the defendant may be prosecuted in this State. (2008-167, s. 2.).

456. As a direct and proximate result of the foregoing conduct, the Plaintiff, Mr. Craven Randall Casper, is entitled to damages against each Defendant, in an amount that is presently unknown, but that will be determined, in its entirety, at a Trial by Jury in the State of North Carolina.

457. The Plaintiff, Mr. Craven Randall Casper, should be awarded actual damages in the amount of **five hundred thousand dollars ($500,000 USD), treble damages**.

458. The Plaintiff, Mr. Craven Randall Casper, has no adequate remedy at law.

[remainder of page intentionally left blank]

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.

## COUNT XV.

## CYBERSTALKING CODIFIED AT N.C. GEN. STAT. § 75-1.1, *ET SEQ.*, AND OTHER APPLICABLE NORTH CAROLINA COMMON LAW

### (AGAINST ALL DEFENDANTS)

459.   The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-299* of the *Original Complaint*.

460.   As the fifteenth (15th) ground for relief, the Plaintiff, Mr. Craven Randall Casper, hereby alleges under the Cyberstalking Statute, G.S. 14-196.3, four offenses, all of which are Class 2 misdemeanors. G.S. 14-196.3(d). Also, See N.C. GEN. STAT. § 75-1.1, ET SEQ., AND OTHER APPLICABLE NORTH CAROLINA COMMON LAW.

461.   This civil lawsuit serves as an application for the full pursuit of criminal charges against the Defendant(s).

462.   The Plaintiff, Mr. Craven Randall Casper, should be awarded actual damages in the amount of **five hundred thousand dollars ($500,000 USD), treble damages**.

463.   The Plaintiff, Mr. Craven Randall Casper, has no adequate remedy at law.

**[remainder of page intentionally left blank]**

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

# COUNT XVI.

## UNJUST ENRICHMENT

## (AGAINST ALL DEFENDANTS)

464. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-299* of the *Original Complaint*.

465. As the sixteenth (16th) ground for relief, the Plaintiff, Mr. Craven Randall Casper, hereby alleges Unjust enrichment.

466. Whether motivated by party politics, ratings, corporate profit, increased national advertising revenue, tremendous economic benefit, or personal gain, including seeking an Emmy nomination, the Defendants' have achieved Unjust Enrichment, at the expense of the Plaintiff, Mr. Craven Randall Casper.

467. The Defendants' appreciates and/or has knowledge of said benefit.

468. The Defendant(s), directly or indirectly, has received and retained information regarding online communications and activity of Plaintiff, Mr. Craven Randall Casper. The Defendant(s) engaged in a campaign of false, cruel, and dangerous assertions.

469. Under principles of equity and good conscience, the Defendant(s) should not be permitted to retain the information and/or revenue that it acquired by virtue of its unlawful conduct. All funds, revenue, and benefits received by the Defendant(s) rightfully belong to the

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

Plaintiff, Mr. Craven Randall Casper, which the Defendant(s) have unjustly received as a result of its/their/his actions.

470. The acts of the Defendants', complained of herein, constitute Unjust Enrichment of the Defendants' at the expense of the Plaintiff, Mr. Craven Randall Casper.

471. Doing any act or thing that is likely to induce the belief that the Plaintiff, Mr. Craven Randall Casper's, goods, services, advertising and/or commercial activities are in some way connected with the Defendants' business, or that is likely to injure or damage the Plaintiff, Mr. Craven Randall Casper, and/or his federal registered Trademark: "RANDY CANDY" deems Ordering the Defendants to:

    a.    Account for and pay over to the Plaintiff, Mr. Craven Randall Casper, all gains, profits and advantages, in an amount yet determined caused by the foregoing acts, derived by it from the unlawful acts alleged herein and/or as a result of Unjust Enrichment, and that the amount of such Unjust Enrichment be trebled pursuant to 15 U.S.C. § 1117 because of the willful and unlawful acts alleged herein; and

    b.    Pay the Plaintiff, Mr. Craven Randall Casper, punitive damages as a consequence of the knowing, intentional, wanton, willful and malicious alleged herein.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

---

472.  The Plaintiff, Mr. Craven Randall Casper, should be awarded actual damages in the amount of **five hundred thousand dollars ($500,000 USD), treble damages**.

473.  The Plaintiff, Mr. Craven Randall Casper, has no adequate remedy at law.

**[remainder of page intentionally left blank]**

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

## COUNT XVII.

## (EXPENSES OF LITIGATION)

## (AGAINST ALL DEFENDANTS)

474. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-299* of the *Original Complaint*.

475. As the seventh (17th) ground for relief, the Plaintiff, Mr. Craven Randall Casper, hereby alleges this is exceptional and the Plaintiff, Mr. Craven Randall Casper, should be entitled to expense of litigation, including attorney's fees and the cost of bringing this to Court in the State of North Carolina.

476. An award of treble damages under 15 U.S.C. § 1117(b), as applicable, against all Defendants.

477. On information and the belief, the Defendants' misconduct was intentional and willful and has caused the Plaintiff, Mr. Craven Randall Casper, unnecessary trouble, time and expense.

478. As a direct and proximate result of the foregoing conduct, the Plaintiff, Mr. Craven Randall Casper, is entitled to damages against each Defendant, in an amount that is presently unknown.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S,** *ORIGINAL COMPLAINT*; **APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

---

479. The Plaintiff, Mr. Craven Randall Casper, is also entitled by statute to an award of attorneys' fees and costs incurred in having to institute this legal action

480. On COUNTS 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12,13, 14, 15, and 16 compensatory damages in an amount as may be proved at a Trial by Jury in the State of North Carolina, and;

481. On COUNTS 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12,13, 14, 15, and 16 punitive damages in an amount as may be proved at a Trial by Jury in the State of North Carolina, and;

482. On all counts, for such other and further relief as the Court deems necessary and proper.

483. The Plaintiff, Mr. Craven Randall Casper, is entitled to all of his fees, litigation expenses and costs incurred in prosecuting this action, including future attorney's fees.

484. JURY TRIAL DEMANDED ON COUNTS 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12,13, 14, 15, and 16 and 17.

[remainder of page intentionally left blank]

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S,** *ORIGINAL COMPLAINT***; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

## COUNT XVIII.

## JURY DEMAND IN THE STATE OF NORTH CAROLINA

## (AGAINST ALL DEFENDANTS)

485. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every

allegation set forth in *Paragraphs 1-299* of the *Original Complaint*.

486. As the eighteenth (18th) ground for relief, the Plaintiff, Mr. Craven Randall Casper, hereby

allege Jury Demand in the State of North Carolina.

487. The Plaintiff, Mr. Craven Randall Casper, demands a Trial by Jury in the United States

Superior Court for Orange County, North Carolina, or if REMOVED then the District

Court for the United States District Court for the Middle District of the State of North

Carolina (Southern District).

488. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, Mr. Craven

Randall Casper, hereby demands a Jury Trial on all treble issues raised by *this Original

Complaint*.

489. For such other and further relief as this Court deems just and proper.


## JURY TRIAL DEMAND

The Plaintiff, Mr. Craven Randall Casper, hereby demands a trial by jury of all issues so triable.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S,** *ORIGINAL COMPLAINT*; **APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

# THE PLAINTIFF, MR. CRAVEN RANDALL CASPER᾽S,

## DEMAND FOR RELIEF

**WHEREFORE,** the Plaintiff, Mr. Craven Randall Casper, respectfully prays for judgment in his favor and against the Defendants, its officers, members, managers, agents, shareholders, principals, servants, agents, affiliates, distributors, licensees, employees, successors, subsidiaries, related companies, parent companies, attorneys, and all those persons in active concert or participation with them be preliminarily and permanently enjoined, jointly and severally, and prays, in this country, the United States of America, among other things, the following:

(1) That summons be issued to the Defendants cited on the cover page of this *Original Complaint*;

(2) That the Court enter judgment in the Plaintiff, Mr. Craven Randall Casper's, favor and against the Defendants on all claims herein;

(3) That criminal prosecution be pursued, to the fullest extent under the laws of the United States and all applicable North Carolina laws, against the Defendant(s).[422] As stated herein, and repeated throughout, the Defendant(s) aggressively pursue

---

[422] Federal criminal law has long prohibited trafficking in goods or services that bear a counterfeit mark. 18 U.S.C. § 2320. Individuals convicted of § 2320 offense generally face up to 10 years' imprisonment and a $2 million fine. If the offenses involved serious bodily injury, counterfeit drugs, or counterfeit military goods or services, individuals face up to 20 years in prison and a $5 million fine.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

criminal prosecution. The Plaintiff, Mr. Craven Randall Casper, prays that additional and multiple civil and criminal litigation cases be all under special election to run Pari-Passu against the Defendant(s);

(4) An initial Conference be scheduled within thirty (30) calendar days from the date of the filing of this *Original Complaint* to grant a Preliminary Injunction;

(5) Restrain, by Preliminary Injunction and Permanent Injunction, Defendant, its officers, agents, servants, employees, and attorneys, and those participating with them in active concert, from identifying the Plaintiff, Mr. Craven Randall Casper, Online, whether by personal or pseudonymous identifiers, and from monitoring, accessing, collecting, transmitting, and merging with data from other sources any information from or about the Plaintiff, Mr. Craven Randall Casper;

(6) Requiring the Defendant(s) to delete all data from and about the Plaintiff, Mr. Craven Randall Casper, it collected and/or acquired from third parties through the acts alleged above;

(7) Declare and adjudge that Defendants' policies, practices, and procedures challenged herein are illegal and in violation of the rights of the Plaintiff, Mr. Craven Randall Casper;

(8) An Order directing that Defendants' file with the Court and serve on the Plaintiff, Mr. Craven Randall Casper, within thirty (30) days after the entry and service on

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

Defendants of a Preliminary Injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the provisions of the Preliminary Injunction;

(9)    That the Plaintiff, Mr. Craven Randall Casper, receive at a minimum of a complete retraction of the Defendants', but equally important that the Defendants' issue a public apology to the Plaintiff, Mr. Craven Randall Casper, and the unnecessary trouble the Defendants have caused;

(10)   That Permanent injunctions be issued by the Court, pursuant to 15 U.S.C. § 1116(a) and any and all other applicable North Carolina common law;

(11)   An Order requiring the Defendants' to disseminate pre-approved corrective advertising in a form approved by the Court to acknowledge their violations of the law hereunder, and to ameliorate the false and deceptive impressions produced by such violations, and send letters via certified U.S. mail, each individually pre-approved by the Plaintiff, Mr. Craven Randall Casper, who will also be provided with an official copy and/or receipt of each letter to all customers, resellers, retailers, agents, partners, and/or representatives to address the likely confusion and dilution caused by the Defendants' statement(s). The Court should order a minimum of five million dollars ($5 million dollars) to be escrowed in a Trust

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

*CRAVEN RANDALL CASPER v. SINCLAIR BROADCAST GROUP, INC., et al.*      | Page 153 of 171

Account, under the Defendant's counsels control, until all letters are completed by the Defendant(s) and all other requirement of the Order are satisfied.

(12)    The Defendants' pay a minimum of one million dollars ($1 Million USD) to the Plaintiff, Mr. Craven Randall Casper, for the costs of corrective advertising;

(13)    Issue a permanent injunction against the Defendants' and their partners, officers, trustees, owners, employees, agents, attorneys, successors, assigns, representatives, and any and all persons acting in concert with them from engaging in any conduct violating the rights of the Plaintiff, Mr. Craven Randall Casper, and those similarly situated to him;

(14)    Award compensatory, consequential, incidental, and statutory damages, restitution, and disgorgement to the Plaintiff, Mr. Craven Randall Casper, in an amount to be determined at a Trial by Jury in the State of North Carolina;

(15)    Order Defendants' to make the Plaintiff, Mr. Craven Randall Casper, whole by providing him with any other monetary and affirmative relief;

(16)    Order Defendants' to pay all costs associated with bringing this *Original Complaint*, or any future *Amended Complaint*, to Court, and all expenses and applicable fees;

(17)    Award the Plaintiff, Mr. Craven Randall Casper, his litigation costs and expenses, including, but not limited to, reasonable attorneys' fees;

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

(18) Award the Plaintiff, Mr. Craven Randall Casper, all pre-judgment interest and post-judgment interest available under law;

(19) On the first cause of action against Defendants', damages in an amount to be proven at Trial by Jury in the State of North Carolina;

(20) On the second cause of action against Defendants', damages in an amount to be proven at Trial by Jury in the State of North Carolina;

(21) On the third cause of action against Defendants', damages in an amount to be proven at Trial by Jury in the State of North Carolina;

(22) On the fourth cause of action against Defendants', damages in an amount to be proven at Trial by Jury in the State of North Carolina;

(23) On the fifth cause of action against Defendants', damages in an amount to be proven at Trial by Jury in the State of North Carolina;

(24) On the sixth cause of action against Defendants', damages in an amount to be proven at Trial by Jury in the State of North Carolina;

(25) On the seventh cause of action against Defendants', damages in an amount to be proven at Trial by Jury in the State of North Carolina;

(26) On the eighth cause of action against Defendants', damages in an amount to be proven at Trial by Jury in the State of North Carolina;

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S,** *ORIGINAL COMPLAINT*; **APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

---

(27) On the ninth cause of action against Defendants', damages in an amount to be proven at Trial by Jury in the State of North Carolina;

(28) On the tenth cause of action against Defendants', damages in an amount to be proven at Trial by Jury in the State of North Carolina;

(29) On the eleventh cause of action against Defendants', damages in an amount to be proven at Trial by Jury in the State of North Carolina;

(30) On the twelfth cause of action against Defendants', damages in an amount to be proven at Trial by Jury in the State of North Carolina;

(31) On the thirteenth cause of action against Defendants', damages in an amount to be proven at Trial by Jury in the State of North Carolina;

(32) On the fourteenth cause of action against Defendants', damages in an amount to be proven at Trial by Jury in the State of North Carolina;

(33) On the fifteenth cause of action against Defendants', damages in an amount to be proven at Trial by Jury in the State of North Carolina;

(34) On the sixteenth cause of action against Defendants', damages in an amount to be proven at Trial by Jury in the State of North Carolina;

(35) On the seventeenth cause of action against Defendants', damages in an amount to be proven at Trial by Jury in the State of North Carolina;

(36) Compensatory damages be awarded for destroyed value;

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

(37) Punitive damages be awarded and an additional $20,00,000 (TWENTY MILLION DOLLARS) for each and every year of protracted litigation from the date of the filing of this Original Complaint;

(38) Award the Plaintiff, Mr. Craven Randall Casper, any other appropriate equitable relief;

(39) Order that this Court retain jurisdiction of this action until such time as the Court is satisfied that the Defendants' has remedied the practices complained of herein and are determined to be in full compliance with the law;

(40) Award additional and further relief as this Court may deem just and proper;

(41) That the Plaintiff, Mr. Craven Randall Casper, have a Jury Trial in the State of North Carolina; AND

(42) That the Plaintiff, Mr. Craven Randall Casper, receive any and all further relief this Court deems just and fair including treble damages.


Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, Mr. Craven Randall Casper, hereby demands a Jury Trial on all treble issues raised by this *Original Complaint* in the State of North Carolina.

—

This 26th day of April 2018.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

Respectfully submitted,

*April 26, 2018*

_____

Craven Randall Casper, Signature (*Pro se*)

C/O RANDY CANDY
LEGAL MAIL
P.O. Box 2311
Chapel Hill, NC 27515

Personal Email: Randall.casper@gmail.com

[remainder of page intentionally left blank]

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.

*CRAVEN RANDALL CASPER v. SINCLAIR BROADCAST GROUP, INC., et al.*

# ORANGE COUNTY, NORTH CAROLINA

# CERTIFICATE OF SERVICE

A copy of this document was served upon Defendant at the following address:

**SINCLAIR BROADCAST GROUP, INC.**
10706 Beaver Dam Road
Hunt Valley, Maryland 21030

AND

**ABC WCTI 12**
NewsChannel 12
WCTI-WFXI-WYDO
225 Glenburnie Drive
New Bern, NC 28560

AND

**MR. RICHARD REINGOLD**
Vice President & General Manager
ABC WCTI 12
225 Glenburnie Drive
New Bern, NC 28560

AND

**MR. ERIC OLSEN**
News Director
ABC WCTI 12
225 Glenburnie Drive
New Bern, NC 28560

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**

---

*CRAVEN RANDALL CASPER v. SINCLAIR BROADCAST GROUP, INC., et al.*    | Page 159 of 171

AND

**MS. JAIME MCCUTCHEON**
Assistant News Director
ABC WCTI 12
225 Glenburnie Drive
New Bern, NC 28560

AND

**MR. JASON O. BOYD**
Website Manager
ABC WCTI 12
225 Glenburnie Drive
New Bern, NC 28560

AND

**MR. KYLE HORAN**
474 James Robertson Parkway
Nashville, TN 37219

pre-paid, this day of ~~Apil 26, 2018~~ by Priority U.S. Mail, postage

Craven Randall Casper, *Pro Se*, Segnature

Date: April 26, 2018

**[remainder of page intentionally left blank]**

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, *ORIGINAL COMPLAINT*; APPLICATION(S) FOR THE FILING OF CRIMINAL CHARGES AGAINST THE DEFENDANT, MR. KYLE HORAN, ET AL.; COUNTS I – XVIII; CERTIFICATE OF SERVICE; AND EXHIBITS A – K.**